IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHARLES BARKER III, | CIVIL 13-00236 LEK-BMK |
| Plaintiff, | |
| vs. | |
| JOSHUA L. GOTTLIEB, JONATHAN DUBOWSKY, DONALD BORNEMAN, CHARLES HALL, SCOTT HARRIS, THE VALUE EXCHANGE ADVISORS, also known as/doing business as TVXA, GEMCO-PACIFIC ENERGY LLC, aka GPE and ROES 1-25, | |
| Defendants. | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

On August 5, 2013, Defendants Joshua L. Gottlieb, Jonathan Dubowsky, Donald Borneman, Charles Hall, Scott Harris, the Value Exchange Advisors, also known as/doing business as TVXA ("TVXA"), and GEMCo-Pacific Energy LLC, also known as GPE ("GPE," all collectively "Defendants") filed their Motion for Judgment on the Pleadings ("Motion"). [Dkt. no. 19.] Pro se Plaintiff Charles Barker III ("Plaintiff") filed his memorandum in opposition to the Motion on October 7, 2013. [Dkt. no. 37.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal

authority, Defendants' Motion is HEREBY GRANTED IN PART AND DENIED IN PART, and Plaintiff's Complaint is HEREBY DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

Plaintiff filed this action on May 15, 2013.[1] Plaintiff asserts both diversity jurisdiction and federal question jurisdiction based on the Securities Act of 1933, with supplemental jurisdiction over state law claims.[2]  [Complaint at ¶¶ 1-5.]  Plaintiff describes the crux of the case in the Introduction section of the Complaint:

> The Defendants represented themselves to Plaintiff be [sic] capable and adept project financiers, with access to fiscal resources with which to fund to multiple projects in Hawaii relating to biomass energy and natural resources development.  The Defendants have not only abjectly failed to provide this funding, but it has since become revealed that Defendants had no established access to such financial resources . . . nor have they subsequently developed any such resources.  Moreover, what funds as were eventually produced by Defendants were at such an inadequate dollar scale, and deployed by Defendants in a manner of their own private decisions and choosings [sic], and wholly absent of inclusion and consultation with the project founder Plaintiff – who is a principal in all relevant business matters and related entities

---

[1] The Court notes that Plaintiff wrote the majority of the Complaint in narrative form, without numbered paragraphs, in violation of Fed. R. Civ. P. 10(b).  Unless otherwise specified, all references to the Complaint refer to page numbers.

[2] Plaintiff also invokes the Racketeer Influenced and Corrupt Organizations Act, [Complaint at ¶ 4,] but the Complaint does not allege any claim under that act.

>       - that it resulted in no actualization whatsoever
> of any of the business intents of the projects,
> which included biomass-to-electricity, growing of
> biomass crops and production of biofuel therefrom,
> commencement of topsoil production and sales, the
> closing of the 48.83 acre property purchase of the
> biomass processing facility site at Haina Mill,
> and the acquisition of the adjacent HEP (Hamakua
> Energy Partners) power plant.
>
>       The Defendants knowingly and intentionally
> pursued the conduct of the matters of the subject
> corporate businesses in the exclusion of
> Plaintiff, to the detriment of both the corporate
> entities and to Plaintiff herein. . . .

[Complaint at 6.] The projects at issue in the Complaint include: a biomass-to-biofuel facility at the site of the former Hamakua Sugar Mill, in Haina Camp on the island of Hawai`i ("Haina Mill Project"); the development and marketing of a 1,100,000 cubic yard topsoil resource on one of parcels of the Haina Mill property under the name Kama`aina Earth Products ("KAEP" and "the KAEP Topsoil Project"); and the acquisition of the Hamakua Energy Partners power plant ("HEP Power Plant Project").

Plaintiff is closely connected with several business entities involved in these projects. [Id. at 10-13.] According to the Complaint, Plaintiff "founded and registered the new company Moku Nui Bioenergy Corporation" for the Haina Mill Project, and he "founded and registered the new company Moku Nui Power Company" for the HEP Power Plant Project. [Id. at 12.] In

addition, he and Defendant Dubowsky are "the sole two officers of" KAEP.  [Id. at 13.]

Plaintiff alleges that Defendants entered into, and subsequently breached, multiple contracts and agreements regarding the projects, causing "loss of opportunity, plus substantive and demonstrable financial harm to Plaintiff."  [Id. at 7.]  He also states that he "has expended extraordinary amounts of time, effort, expenses, and . . . an extraordinary amount of work product, . . . for the subject projects over the preceding two years, with the clear understanding that Defendants TVXA/GPE were acting earnestly, diligently and honorably, which it is now evident that they were not."  [Id. at 8-9.] Plaintiff's efforts in the pursuit of the projects included: conducting research; attending meetings; providing data and documents to Defendants; responding to Defendants' requests for information; submitting applications to local utility entities; providing access to proprietary information from various entities regarding biofuel processing; submitting bids; making presentations; providing proprietary information and reports about the HEP Power Plant; providing reports, information, and analyses of relevant state and local laws; finding prospective investors; preparing reports regarding the use of different biomass products; investigating locations for other installations

4

necessary to the Haina Mill Project; and submitting proposals to state agencies and private land owners.  [Id. at 16-19.]

Plaintiff relies primarily on three agreements:

1) an August 18, 2011 Letter of Intent between TVXA, which "represent[ed] the interests of Scott Harris, Don Borneman and Josh Gottlieb and affiliates[,]" and Cogentech - PACIFIC, LLC, also known as CPL, which "represent[ed] the interests of Garrett Smith, Chuck Barker, affiliates" ("8/18/11 Letter of Intent"); [id., Exh. 1 at 1;]

2) a Joint Venture Agreement dated September 1, 2011 between GPE and CPL ("9/1/11 Joint Venture Agreement"); [id., Exh. 2 at 1;] and

3) a letter agreement titled "Mana Makoaleo Energy Project (a/k/a 'GPE 60')" dated October 13, 2011 ("10/13/11 GPE 60 Letter Agreement") by GPE to CPL and Haleakala Holdings LLC ("HCL"); [id., Exh. 3 at 1].

The 8/17/11 Letter of Intent and the 9/1/11 Joint Venture Agreement relate to biomass-to-energy projects on the Island of Hawai`i, [id., Exh. 1 at 1; id., Exh. 2 at 1,] and the 10/13/11 GPE 60 Letter Agreement relates to the HEP Power Plant Project. [Id., Exh. 3 at 1.]  Plaintiff alleges that Defendants "have failed to perform their functions with funding entities and have failed to perform their functions and responsibilities as to the financial aspects of the transactions."  [Complaint at 15.]

For example, in October 2011, Defendants brought forward Quartis Capital Partners ("Quartis") as a viable funding source for the projects, but Plaintiff recommended against transferring any due diligence funds to Quartis.  Against Plaintiff's recommendation, Defendants transferred approximately

$400,000 to Quartis.  Plaintiff alleges that Quartis never provided any due diligence and that Quartis was merely a scam. [Id. at 15-16.]  In February 2013, Plaintiff secured a Letter of Interest from a funding group offering a $9,200,000 loan for the purchase of Haina Mill, along with funding for other purchase-related expenses, and over $1,000,000 for improvements to the property.  Defendants rejected the offer, but did not identify any other sources of funding.  [Id. at 22.]

Plaintiff alleges that, ultimately, "Defendants failed to provide the funding which they had committed to procure as the financial partner, which caused such projects to not proceed." [Id. at 19.]  According to Plaintiff, the purchase contract for the Haina Mill Project expired on June 30, 2013.  [Id. at 27.] Thus, Plaintiff alleges that Defendants "breached their contract, and have remained and further aggravated such breach at all times hence."  [Id. at 19.]  Plaintiff also claims that Defendants misappropriated funds intended for the projects and that Defendants engaged in the unauthorized use of the intellectual property which Plaintiff, or others working with him, generated for the projects.  [Id. at 9, 16-17, 26.]

According to the Complaint, or about March 1, 2012, Garrett Smith for CPL tendered a formal notice of breach to TVXA/GPE.  Afterward, Defendants allegedly "began a series of continued, repeated and increasingly amorphous attempts to change

6

the relationship, which would be to the extreme detriment of Plaintiff, and diminution of the ownership participation shares of ownership by Plaintiff, and to alter the contractual agreements between the Parties." [Id. at 20.]

Plaintiff alleges that, on February 5, 2013, he received a proposed letter agreement from GPE, by Gottlieb and Borneman, which "attempt[ed] to completely abrogate the Defendants['] earlier agreements and contracts" and "attempt[ed] to demand[] 87.5% ownership of projects, as well as unilaterally impos[ing] myriad additional, onerous, unreasonable and unacceptable [to Plaintiff] terms . . . ." [Id. at 21 (some alterations in original); id., Exh. 25.] Plaintiff states that, after significant pressure from Dubowsky, Plaintiff agreed to sign the letter agreement, with the reservation that it would become void unless it was replaced within sixty days by a letter agreement that was acceptable to Plaintiff. [Id. at 21; id., Exh. 26.] Plaintiff, however, did not receive any revised agreements from Defendants. [Id. at 26.] Plaintiff alleges that Dubowsky has been attempting to conduct business on behalf of KAEP "without the consultation, inclusion or authorization of the remaining principals and sole other officer of KAEP - the Plaintiff herein." [Id. at 27.]

The Complaint alleges the following claims: fraud ("Count I"); breach of fiduciary responsibility ("Count II");

7

professional misconduct ("Count III"); violations of United States securities laws ("Count IV"); misrepresentation ("Count V"); malfeasance ("Count VI"); misappropriation of corporate funds ("Count VII"); breach of contract; ("Count VIII"); anticipatory breach of contract ("Count IX"); theft of real property purchase contract ("Count X"); theft of intellectual property ("Count XI"); negligence ("Count XII"); tortious interference ("Count XIII"); and violation of interstate commerce laws ("Count XIV").

Plaintiff seeks to recover the following damages: $23,100,000 related to biofuel and energy projects; $549,523 related to the KAEP topsoil/natural resources business; $1,288,000 related to the Haina Mill property; $1,500,000 related to approval of final plans; $2,000,000 for the theft of intellectual property and/or work product; and $1,000,000 in punitive damages.  The total damages Plaintiff seeks is $29,437,523.  [Id. at 39.]  In addition, Plaintiff seeks costs of suit, attorneys' fees (if he retains counsel), and any other appropriate relief.  [Id. at 40.]

## **STANDARD**

Federal Rule of Civil Procedure 12(c) permits parties to move for judgment on the pleadings.  "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The standard

governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). A court evaluating a Rule 12(c) motion must construe the factual allegations in the complaint in the light most favorable to the nonmoving party. Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). "Judgment on the pleadings under Rule 12(c) is proper when the moving party establishes on the face of the pleadings that there is no material issue of fact and that the moving party is entitled to judgment as a matter of law." Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist., 644 F.3d 934, 937 n.1 (9th Cir. 2011).

Courts have applied the Ashcroft v. Iqbal, 556 U.S. 662 (2009), standard for Rule 12(b)(6) motions to Rule 12(c) motions. See, e.g., Peelua v. Impac Funding Corp., Civil No. 10-00090 JMS/KSC, 2011 WL 1042559, at *2 (D. Hawai`i Mar. 18, 2011) ("Following Iqbal, courts have applied Iqbal to Rule 12(c) motions." (citations omitted)); Point Ruston, LLC v. Pac. Nw. Reg'l Council of the United Bhd. of Carpenters & Joiners of Am., 658 F. Supp. 2d 1266, 1273 (W.D. Wash. 2009) ("The standard applied on a Rule 12(c) motion is essentially the same as that applied on a Rule 12(b)(6) motion[.]" (citation omitted)). To survive a motion to dismiss under Iqbal, "a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Id.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555, 127 S. Ct. 1955).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not constitute a short and plain statement of the claim showing that the pleader is entitled to relief as required by Fed. R. Civ. P. 8(a)(2).  Id. at 679.

"Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) (citation and quotation marks omitted).  "But courts have discretion to deny leave to amend a complaint for futility[.]" Johnson v. Am. Airlines, Inc., 834 F.2d 721, 724 (9th Cir. 1987) (citation and quotation marks omitted).

**DISCUSSION**

I.  **Federal Law Claims**

Plaintiff alleges both diversity jurisdiction and federal question jurisdiction, with supplemental jurisdiction over his state law claims. [Complaint at ¶¶ 1-3.] Plaintiff attempts to allege federal claims in Count IV and Count XIV.

Count IV, titled "VIOLATIONS OF SECURITIES LAWS OF THE UNITED STATES," alleges that:

> Defendants Gottlieb, Borneman, Hall, TVXA and GPE have committed multiple violations of the Securities Act of 1933, as subsequently amended, by violating subsections of Regulation D as concerns the dissemination of information and solicitation of capital investment, including failure to produce and provide a Prospectus and legally cognizable Offering Circular, by failure to obtain and provide information concerning Qualified Investors as defined by the Internal Revenue Service (IRS) and the Securities and Exchange Commission (SEC).

[Id. at 29-30.] Section D, however, sets forth the Rules Governing the Limited Offer and Sale of Securities Without Registration Under the Securities Act of 1933. The Complaint does not allege that Gottlieb, Borneman, Hall, TVXA and GPE offered and/or sold securities. Count IV therefore fails to state a plausible claim for violations of Regulation D.

Count XIV, titled "VIOLATION OF INTERSTATE COMMERCE LAWS," alleges only that "Defendants Gottlieb, Borneman, Hall, Harris, Dubowsky, TVXA and GPE have violated U.S. Interstate Commerce laws, in their attempts to conduct business in Hawai`i

via foreign corporations which are not licensed or registered to conduct business in the State of Hawai`i."  [Id. at 36.]  Count XIV does not identify the specific laws Defendants allegedly violated, nor does it state how Plaintiff was harmed by the alleged violations.  Count XIV is therefore insufficient to satisfy the requirement of Fed. R. Civ. P. 8(a)(2) that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"

Count IV and Count XIV are HEREBY DISMISSED.  In light of Plaintiff's pro se status and the fact that Plaintiff has not previously tried to amend his Complaint, and because it may be possible for Plaintiff to cure the defects in Count IV and Count XIV by amendment, see Harris, 573 F.3d at 737, the dismissal of Count IV and the dismissal of Count XIV are WITHOUT PREJUDICE.

**II.  State Law Claims**

The remainder of the claims in the Complaint appear to allege state law claims.  Defendants argue that Plaintiff does not have standing to pursue these claims because, to the extent that such claims exist, only the business entities that participated in the various projects have standing to pursue them.  This Court agrees.

Whether this Court has diversity jurisdiction or supplemental jurisdiction over the state law claims in the Complaint, this Court applies state substantive law to such

12

claims. See Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC, 632 F.3d 1056, 1060 (9th Cir. 2011) ("When a district court sits in diversity, or hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims.").

The Hawai`i Supreme Court has described the standing analysis as follows:

> "Standing is concerned with whether the parties have the right to bring suit." Mottl v. Miyahira, 95 Hawai`i 381, 388, 23 P.3d 716, 723 (2001) (quoting Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai`i 64, 67, 881 P.2d 1210, 1213 (1994)).
>
> It is well settled that the crucial inquiry with regard to standing is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his or her invocation of the court's remedial powers on his or her behalf. In re Application of Matson Navigation Co. v. Federal Deposit Ins. Corp., 81 Hawai`i 270, 275, 916 P.2d 680, 685 (1996).  In deciding whether the plaintiff has the requisite interest in the outcome of the litigation, we employ a three-part test: (1) has the plaintiff suffered an actual or threatened injury as a result of the defendant's wrongful conduct; (2) is the injury fairly traceable to the defendant's actions; and (3) would a favorable decision likely provide relief for plaintiff's injury. Bush v. Watson, 81 Hawai`i 474, 479, 918 P.2d 1130, 1135 (1996).
>
> With respect to the first prong of this test, the plaintiff "must show a distinct and palpable injury to himself [or herself.]" Life of the Land v. Land Use Commission of State of Hawai`i, 63 Haw. 166, 173 n.6, 623 P.2d 431, 446 n.6 (1981).  The injury must be

13

> > "distinct and palpable, as opposed to abstract, conjectural, or merely hypothetical." Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir. 1993) (citations omitted).
>
> Mottl, 95 Hawai`i at 389, 23 P.3d at 724, quoting Akinaka v. Disciplinary Bd. of Hawai`i Supreme Court, 91 Hawai`i 51, 55, 979 P.2d 1077, 1081 (1999). The requirement of a "distinct and palpable injury" requires a plaintiff to have suffered an "injury in fact." Mottl, 95 Hawai`i at 391, 23 P.3d at 726.

Hanabusa v. Lingle, 119 Hawai`i 341, 347, 198 P.3d 604, 610 (2008) (alteration in Hanabusa).

Plaintiff's state law claims arise from various activities related to the business projects described in the Complaint. The crux of Plaintiff's state law claims is that Defendants made misrepresentations about their ability to perform, and ultimately failed to perform, their obligations related to the projects. The primary evidence of Defendants' obligations are: the 8/18/11 Letter of Intent; the 9/1/11 Joint Venture Agreement; and the 10/13/11 GPE 60 Letter Agreement (collectively "the Agreements").[3] [Complaint, Exhs. 1-3.] As

---

[3] "It is well-settled that materials properly attached as exhibits to the complaint and matters that are subject to judicial notice may also be considered in evaluating a motion for judgment on the pleadings." Thomas v. Fin. Recovery Servs., No. EDCV 12-1339 PSG (Opx), 2013 WL 387968, at *2 (C.D. Cal. Jan. 31, 2013) (citing Buraye v. Equifax, 625 F. Supp. 2d 894, 896-97 (C.D. Cal. 2008); Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc., 583 F.2d 426, 429-30 & n.2 (9th Cir. 1978)). Further, this Court notes that, for purposes of the instant Motion, Defendants do not appear to challenge the authenticity of the exhibits
(continued...)

previously noted, the 8/18/11 Letter of Intent is between TVXA and CPL, the 9/1/11 Joint Venture Agreement is between GPE and CPL, and the 10/13/11 GPE 60 Letter Agreement is between HEP, HCL, and CPL.  Although Plaintiff may be a principal in CPL and HCL (collectively "the LLCs"), Plaintiff himself was not a party to any of the Agreements.  It is the LLCs themselves that have standing to pursue claims arising from the Agreements.  Cf. Haw. Rev. Stat. § 428-111(b)(1) (stating that, unless provided otherwise in the articles of organization, an LLC may sue and be sued).  Plaintiff acknowledges that the LLCs "may have separate causes of action against the Defendants."  [Mem. in Opp. at 4.]

In addition, even though Plaintiff is one of the principals of the LLCs, he cannot individually pursue claims that belong to the LLCs.  On a related issue, the Intermediate Court of Appeals of Hawai`i ("ICA") has stated:

> "[S]tockholders . . . of a corporation do not have the right to pursue an action on their own behalf when the cause of action accrues to the corporation." Joy A. McElroy, M.D., Inc. v. Maryl Group, Inc., 107 Hawai`i 423, 431, 114 P.3d 929, 937 (App. 2005) (internal quotation marks and citation omitted).  "Where the basis of the action is a wrong to the corporation, redress must be sought in a derivative action." Chambrella v. Rutledge, 69 Haw. 271, 280, 740 P.2d 1008, 1013 (1987) (internal quotation marks and citation omitted).  However, "[i]f the injury is one to the plaintiff as a shareholder and to him individually, and not to the corporation, as where

---

[3](...continued)
attached to the Complaint.

> the action is based on a contract to which he is a party, or on a right belonging severally to him, or on a fraud affecting him directly, it is an individual action." Id. at 280, 740 P.2d at 1013-14 (internal quotation marks, citation, brackets, and footnote omitted).

Combs v. Case Bigelow & Lombardi, No. 28773, 2010 WL 370275, at *7 (Hawai`i Ct. App. Jan. 27, 2010) (alterations in Combs). In Joy A. McElroy, M.D., Inc., the plaintiff individual, Loi Chang-Stroman, signed a lease with an entity related to Maryl Group, Inc. ("Maryl" and "the Lease") in his capacity as an officer of Joy A. McElroy, M.D., Inc. ("McElroy Inc."). 107 Hawai`i at 426-27, 114 P.3d at 932-33. The ICA held that Chang-Stroman did not have the right to sue Maryl "for any misrepresentation made to McElroy Inc. that may have induced McElroy Inc. to enter into the Lease. There is no evidence in the record to indicate that Chang-Stroman was negotiating for anyone but McElroy Inc." Id. at 431, 114 P.3d at 937.

Similarly, even viewing the allegations in the Complaint in the light most favorable to Plaintiff, all of the state law claims appear to be based upon activities that Plaintiff was involved in on behalf of the LLCs. Neither the allegations in the Complaint nor the exhibits attached thereto indicate that Plaintiff was acting on his own behalf in the events at issue in this case. Thus, the injuries which allegedly resulted from Defendants' actions or inactions were injuries to the LLCs, not to Plaintiff individually. This Court therefore

16

concludes that the state law claims in the Complaint fail to state plausible claims for relief because: 1) to the extent that Plaintiff is trying to prosecute claims which belong to the LLCs, Plaintiff lacks standing to do so;[4] and 2) to the extent that Plaintiff is trying to prosecute claims which belong to him individually, the claims are not sufficiently pled.

Defendants' Motion is GRANTED insofar as Plaintiff's state law claims are DISMISSED. However, the dismissal is WITHOUT PREJUDICE, in light of Plaintiff's pro se status and the lack of previous attempts to amend the Complaint, and because it is arguably possible to cure the defects in the state law claims by amendment.

This Court also notes that, if the LLCs or any other business entity is added as a plaintiff in this case, the entity cannot represent itself pro se, and Plaintiff cannot represent the entity unless he is an attorney authorized to practice in this district. See Local Rule LR83.11 ("Business entities, including but not limited to corporations, partnerships, limited liability partnerships, limited liability corporations, and community associations, cannot appear before this court *pro se* and must be represented by an attorney."); see also Simon v.

---

[4] This Court emphasizes that, at the present time, it expresses no opinion on the issue whether the state law claims, as pled in the Complaint, would state plausible claims for relief if the LLCs brought them.

Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities." (citation omitted)).

## **CONCLUSION**

On the basis of the foregoing, Defendants' Motion for Judgment on the Pleadings, filed August 5, 2013, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as all of the claims in Plaintiff's Complaint are HEREBY DISMISSED. The Motion is DENIED insofar as the dismissal is WITHOUT PREJUDICE. Plaintiff may file his amended complaint by no later than **November 27, 2013**. This Court CAUTIONS Plaintiff that, if he fails to file his amended complaint by **November 27, 2013**, or if his amended complaint fails to cure the defects addressed in this Order, the claims that this Order dismissed without prejudice may be dismissed with prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 16, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHARLES BARKER, III VS. JOSHUA L. GOTTLIEB, ET AL.; CIVIL NO. 13-00236 LEK-BMK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**