IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHARLES BARKER III | ) | CIV. NO. 13-00236 LEK-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| vs. | ) | PLAINTIFF'S MOTION FOR |
| | ) | PERJURY SANCTIONS, DENY |
| JOSHUA L. GOTTLIEB, | ) | PLAINTIFF'S MOTION TO |
| JONATHAN DUBOWSKY, | ) | COMPEL, AND GRANT |
| DONALD BORNEMAN, CHARLES | ) | DEFENDANTS' COUNTER |
| HALL, SCOTT HARRIS,THE | ) | MOTION FOR PROTECTIVE |
| VALUE EXCHANGE ADVISOR, | ) | ORDER. |
| also known as/doing business as | ) | |
| TVXA, GEMCO-PACIFIC ENERGY | ) | |
| LLC, aka GPE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION FOR PERJURY SANCTIONS, DENY PLAINTIFF'S MOTION
TO COMPEL, AND GRANT DEFENDANTS' COUNTER MOTION
FOR PROTECTIVE ORDER.

Before the Court are Plaintiff Charles Barker III's ("Barker") [71]

Motion for Perjury Sanctions Against Defendants and Attorneys for Defendants,

Barker's [73] Motion to Compel Production of Documents and to Answer

Interrogatories, and Defendants' [76] Counter Motion for Protective Order Staying

Discovery. In addition, Defendants also move for an award of fees and costs

incurred in defending against both of Barker's Motions. After careful

consideration of the Motions and their supporting and opposing memoranda, the Court Finds and Recommends that Barker's Motion for Sanctions and Motion to Compel be DENIED, that Defendants' Motion for Protective Order be GRANTED, and that Defendants' Motion for fees and costs be DENIED.[1]

BACKGROUND

This action arises from Defendants' purported failure to fulfill financing obligations for three proposed business ventures on Hawaii Island: a biomass-to-biofuel facility at the former Hamakua Sugar Mill, the development and marketing of topsoil from the Haina Mill property under the name Kamaaina Earth Products, and the acquisition of the Hamakua Energy Partners power plant. [Judge Leslie E. Kobayashi's Oct. 26, 2013, Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings at 3, doc. 44.] The facts of this case are laid out in further detail in Judge Kobayashi's Oct. 26, 2013, Order, and need not be repeated for purposes of the two Motions before the Court,.

Judge Kobayashi's October 26 Order dismissed all of Barker's claims with leave to amend, holding that Barker had failed to state a claim for relief in regard to his federal law claims, and as a non-attorney, lacked standing to pursue state law claims on behalf of a business entity. [Id. at 11-14.] Barker filed an

---

[1] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

Amended Complaint, and on February 24, 2014, Judge Kobayashi issued an Order that Defendants' Motion to Dismiss Barker's Second Amended Complaint was being taken under advisement. [Doc. 69.] Judge Kobayashi's decision is still pending.

Two days after filing his Amended Complaint, Barker filed his present Motion for Sanctions, and followed soon afterward with a Motion to Compel. Defendants state that in neither case did Barker meet and confer before filing his respective Motions as required by Fed. R. Civ. P. ("FRCP") Rule 37(a)(1).

Barker's Motion for Sanctions alleges that Defendants committed perjury in their FRCP Rule 26 initial disclosure dated February 21, 2014. Specifically, Barker alleges Defendants: 1) impermissibly listed the address of their counsel as their contact address; 2) incorrectly stated that they "have provided" Barker with nine listed documents when the documents were not actually received by mail four days later on February 25, 2014; and 3) falsely disclosed that they "are not aware of any insurance policy that may provide coverage with respect to the claims raised in this action." [Motion, doc. 71 at 2.] Barker requests that the Court fine each Defendant no less than $10,000. Barker's Motion to Compel, which was notably filed well before Defendants' response was

due, primarily seeks the production of insurance documents referenced in his

motion for Sanctions.

Defendants' argue that Barker's Motions are frivolous, and that it is

Barker who should be sanctioned under FRCP 37(a)(5)(B), by requiring him to pay

the fees and costs incurred in opposing his Motions. Additionally, Defendants

move for a protective order staying further discovery until the Court rules on their

pending Motion to Dismiss.

DISCUSSION

Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that a

motion to compel include "a certification that the movant has in good faith

conferred or attempted to confer with the person or party failing to make disclosure

or discovery in an effort to obtain it without court action." By extension this rule

applies to Motions for Sanctions based on a purported failure to meet discovery

and disclosure obligations. See Local Rules of the United States District Court for

the District of Hawaii Rule 37.1(a) ("The court will not entertain any motion

pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel have previously

conferred, either in person or by telephone, concerning all disputed issues, in a

good faith effort to limit the disputed issues and, if possible, eliminate the necessity

for a motion or expedited discovery assistance."). After reviewing the motion,

Barker has not demonstrated that the parties have met and conferred regarding the issues in the motion to compel.  Barker should be aware of this requirement, since the Court previously denied his prior Motion to Compel Discovery on exactly the same grounds.  [Doc. 22.]

As to the Defendants' Motions, the Court finds that an award of fees and costs against pro se Plaintiff Barker is not appropriate at this time.  <u>Baker v. Ace Advertisers' Service, Inc.</u>, 153 F.R.D. 38, 40 (S.D. NY 1992) (holding that courts may afford special solicitude to pro se litigants when considering the imposition of sanctions.)  The Court does, however, find that it would be appropriate to grant Defendants' motion for a Protective Order staying discovery until the Court issues a decision on the pending Motion to Dismiss.  <u>See</u> <u>Munoz-Santana v. U.S. I.N.S.</u>, 742 F.2d 561, 562 (9th Cir. 1984) (holding the decision to allow or deny discovery is within the court's discretion).

The Motion to Dismiss has been fully briefed and taken under advisement.  It is likely that a decision on the Motion will be issued in a relatively short time and therefore a brief stay will not be unduly prejudicial.  The costs, if any, of a brief delay are outweighed by the benefits of limiting the unnecessary expense of pursuing possibly fruitless discovery.  Moreover, the issues at play in the pending motion to dismiss are questions of law, not factual ones requiring

continued discovery for their resolution. <u>Jarvis v. Regan</u>, 833 F.2d 149, 155 (9th Cir. 1987) (upholding district court decision to stay discovery on the grounds that further discovery was not required to address the issues raised by defendants' motion to dismiss).

CONCLUSION

For the foregoing reasons, the Court finds and recommends that Plaintiff's Motion for Sanctions and Motion to Compel be DENIED, that Defendants' Motion for Protective Order be GRANTED, and Defendants' Motion for Fee and Costs be denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 16, 2014



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

<u>Charles Barker III v. Joshua L. Gottlieb, et al.</u>, CIV. NO. 13-236 LEK-BMK, FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR PERJURY SANCTIONS, DENY PLAINTIFF'S MOTION TO COMPEL, AND GRANT DEFENDANTS' COUNTER MOTION FOR PROTECTIVE ORDER.