IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CHARLES BARKER III,             )      CIVIL 13-00236 LEK-BMK
                                )
          Plaintiff,            )
                                )
     vs.                        )
                                )
JOSHUA L. GOTTLIEB, JONATHAN    )
DUBOWSKY, DONALD BORNEMAN,      )
CHARLES HALL, SCOTT HARRIS,     )
THE VALUE EXCHANGE ADVISORS,    )
also known as/doing business    )
as TVXA, GEMCO-PACIFIC ENERGY   )
LLC, aka GPE and ROES 1-25,     )
                                )
          Defendants.           )
_____ )

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**

On January 23, 2014, Defendants Joshua L. Gottlieb,

Jonathan Dubowsky, Donald Borneman, Charles Hall, Scott Harris,

the Value Exchange Advisors, doing business as TVXA ("TVXA"), and

GEMCo-Pacific Energy LLC, also known as GPE ("GPE," all

collectively "Defendants") filed their Motion to Dismiss Second

Amended Complaint ("Motion"). [Dkt. no. 59.] Pro se Plaintiff

Charles Barker III ("Plaintiff") filed two different documents

titled "Plaintiff's Opposition to Defendants Motion for Summary

Judgment" on February 6, 2014 and February 10, 2014. [Dkt. nos.

62, 63.] Defendants filed their reply memorandum ("Reply") on

February 14, 2014. [Dkt. no. 66.] Plaintiff thereafter filed a

document titled "Opposition to Defendants Motion to Dismiss"

("Memorandum in Opposition") on February 21, 2013.[1]  Plaintiff

filed a supplemental memorandum pursuant to this Court's

April 25, 2014 entering order ("Supplemental Memorandum").[2]

[Dkt. nos. 84 (EO), 85 (Supplemental Memorandum).]  The Court

finds this matter suitable for disposition without a hearing

pursuant to Rule LR7.2(d) of the Local Rules of Practice of the

United States District Court for the District of Hawai`i ("Local

Rules").  After careful consideration of the Motion, supporting

and opposing memoranda, and the relevant legal authority,

Defendants' Motion is HEREBY GRANTED IN PART AND DENIED IN PART

for the reasons set forth below.  Specifically, Amended Counts I

(related to fraud as to future availability of financing), II,

III, IV, V, VIII, IX, X, XI, XII, and XIII are DISMISSED WITH

PREJUDICE, and Amended Counts I (related to fraudulent

alterations of agreements), VI, VII, XIV, and XV are DISMISSED

WITHOUT PREJUDICE.

---

[1] Although Plaintiff's Memorandum in Opposition has a file
stamp dated February 19, 2014, the district court's electronic
case filing ("ECF") system reflects that the document was filed
on February 21, 2014.

[2] The April 25, 2014 entering order directed Plaintiff to
address a threshold standing issue that he did not address in his
previous memoranda.  Plaintiff filed another supplemental
memorandum on May 15, 2014.  [Dkt. no. 86.]  The two supplemental
memoranda appear to be identical, although there are some
differences in the exhibits attached to each document.

The relevant factual and procedural background of this case is set forth in this Court's October 16, 2013 Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings ("10/16/13 Order"). [Dkt. no. 44.[3]]

Plaintiff filed his original Complaint on May 15, 2013. The Complaint alleged the following claims: fraud ("Count I"); "breach of fiduciary responsibility" ("Count II"); professional misconduct ("Count III"); violations of United States securities laws ("Count IV"); misrepresentation ("Count V"); malfeasance ("Count VI"); misappropriation of corporate funds ("Count VII"); breach of contract; ("Count VIII"); anticipatory breach of contract ("Count IX"); theft of real property purchase contract ("Count X"); theft of intellectual property ("Count XI"); negligence ("Count XII"); tortious interference ("Count XIII"); and violation of interstate commerce laws ("Count XIV").

The 10/16/13 Order dismissed all of Plaintiff's claims without prejudice. 2013 WL 5675534, at *8. As to Plaintiff's federal claims, this Court ruled as follows: Count IV, titled "VIOLATIONS OF SECURITIES LAWS OF THE UNITED STATES," failed to state a claim because the Complaint did not allege that Gottlieb, Borneman, Hall, TVXA and GPE offered and/or sold securities; and Count XIV did not satisfy the requirements of Fed. R. Civ. P.

---

[3] The 10/16/13 Order is also available at 2013 WL 5675534.

8(a)(2) because it did not identify the specific laws Defendants allegedly violated, nor did it state how Plaintiff was harmed by the alleged violations. Id. at *5.

The 10/16/13 Order noted that the remainder of the claims in the Complaint appeared to be state law claims. Id. This Court noted that those claims allegedly arose out of three agreements, one between TVXA and Cogentech - Pacific, LLC ("CPL"), one between GPE and Haleakala Holdings LLC ("HCL"), and one between Hamakua Energy Partners ("HEP"), HCL, and CPL (collectively "the Agreements").[4] This Court noted that, although the Complaint alleged that Plaintiff was a principal of HCL and CPL (collectively "the LLCs"), Plaintiff, individually, was not a party to any of the Agreements. Id. at *6. This Court concluded that "[i]t is the LLCs themselves that have standing to pursue claims arising from the Agreements." Id. (citation omitted). This Court therefore concluded that Plaintiff's state law claims

> fail[ed] to state plausible claims for relief
> because: 1) to the extent that Plaintiff is trying
> to prosecute claims which belong to the LLCs,
> Plaintiff lacks standing to do so; and 2) to the
> extent that Plaintiff is trying to prosecute
> claims which belong to him individually, the
> claims are not sufficiently pled.

---

[4] The Agreements are: the 8/18/11 Letter of Intent; the 9/1/11 Joint Venture Agreement; and the 10/13/11 GPE 60 Letter Agreement. 10/16/13 Order, 2013 WL 5675534, at *6; see also id. at *2 (describing each agreement).

Id. at *7 (footnote omitted).

The 10/16/13 Order cautioned Plaintiff that, if his amended complaint failed to address the deficiencies this Court identified in the order, this Court could dismiss his claims with prejudice.

Plaintiff timely filed his Second Amended Complaint on January 16, 2014.[5] [Dkt. no. 53.]  The first eleven counts of the Second Amended Complaint are identical to Counts I through XI.  This Court will refer to those claims as "Amended Count I" through "Amended Count XI."  The Second Amended Complaint includes a new claim titled "UNCOMPENSATED THEFT OF WORK PRODUCT" ("Amended Count XII").  Count XIII of the Second Amended Complaint ("Amended Count XIII") alleges the negligence claim from Count XII; Count XIV of the Second Amended Complaint ("Amended Count XIV") alleges the tortious interference claim from Count XIII; and Count XV of the Second Amended Complaint ("Amended Count XV") alleges the interstate commerce claim from Count XIV.

Defendants now ask this Court to dismiss Plaintiff's claims in the Second Amended Complaint.

---

[5] Plaintiff filed his Amended Complaint on November 13, 2013.  [Dkt. no. 46.]  Instead of attaching exhibits to the Amended Complaint, on November 27, 2013, Plaintiff filed a Request for Judicial Notice of All Exhibits Currently Contained in Court File.  [Dkt. no. 48.]  This Court denied the request, but gave Plaintiff leave to file the Second Amended Complaint.

**DISCUSSION**

**I.  Plaintiff's Two Filings Titled "Opposition
     to Defendants Motion for Summary Judgment"**

        As a preliminary matter, this Court notes that it will

not consider either Plaintiff's February 6, 2014 filing or his

February 10, 2014 filing.  These filings appear to arise from

Plaintiff's mistaken belief that Defendants are seeking summary

judgment.  Further, Plaintiff filed his "Opposition to Defendants

Motion to Dismiss" on February 21, 2014.  This Court construes

that document as Plaintiff's Memorandum in Opposition to the

instant Motion.  Because Plaintiff filed his Memorandum in

Opposition after Defendants filed their Reply, the Reply only

addresses the two filings titled "Opposition to Defendants Motion

for Summary Judgment."  This Court, however, finds that it is

unnecessary for Defendants to respond to Plaintiff's Memorandum

in Opposition.

**II.  Federal Law Claims**

        As in the original Complaint, Plaintiff's Second

Amended Complaint asserts both: 1) federal question jurisdiction

over claims arising under federal law, with supplemental

jurisdiction over claims arising under state law; and

2) diversity jurisdiction.  [Second Amended Complaint at

JURISDICTION AND VENUE ¶¶ 1-4.[6]]  Plaintiff attempts to allege

---

        [6] The "INTRODUCTION" to the Second Amended Complaint
                                                (continued...)

federal claims in Amended Count IV and Amended Count XV.  In the
instant Motion, Defendants argue that Plaintiff failed to cure
the defects in his federal claims, and Defendants urge this Court
to dismiss Plaintiff's federal claims with prejudice.  [Mem. in
Supp. of Motion at 14-15.]

####    A.    <u>Amended Count IV</u>

Amended Count IV appears to allege violations of 17
C.F.R. § 230.500, *et seq.*, Regulation D, the Rules Governing the
Limited Offer and Sale of Securities Without Registration Under
the Securities Act of 1933 ("Regulation D").  Amended Count IV
alleges that Defendants "have disseminated information to, and
solicited capital investments from, prospective investors about
the various projects which were conceived by Plaintiff Barker,
without benefit of a Prospectus and Offering Circular."  [Second
Amended Complaint at ¶ 126.]

Regulation D does not contain requirements regarding a
prospectus and an offering circular for the offer and sale of
securities under Regulation D.  This Court will liberally
construe Plaintiff's Amended Count IV as alleging violations of

---

[6](...continued)
contains paragraph numbers 1 and 2; the "JURISDICTION AND VENUE"
section contains paragraph numbers 1 through 5; the "SUMMARY" and
claims sections contain paragraph numbers 1 through 140; and the
"CALCULATION OF DAMAGES" section contains paragraph numbers 1
through 6.  Thus, in any citation to a paragraph numbered 1
through 6, this Court will specify to which section of the Second
Amended Complaint the citation refers.

the Securities Act of 1933 ("the Securities Act"), instead of alleging violations of Regulation D. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed pro se is to be liberally construed." (citation and internal quotation marks omitted)). The Securities Act does not contain a provision requiring the issuance of an offering circular with the offer and/or sale of securities. Thus, the alleged offer and/or sale of securities without an offering circular is not a violation of the Securities Act.

The Securities Act does prohibit the offer and/or sale of securities without a prospectus. See 15 U.S.C. § 77b(a)(10) (defining the term "prospectus"); 15 U.S.C. § 77e(b) (titled "Necessity of prospectus meeting requirements of section 77j of this title").[7] 15 U.S.C. § 77l(a) states, in pertinent part:

---

[7] Section 77e(b) states:

It shall be unlawful for any person, directly or indirectly--

(1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to carry or transmit any prospectus relating to any security with respect to which a registration statement has been filed under this subchapter, unless such prospectus meets the requirements of section 77j of this title; or

(2) to carry or cause to be carried through the mails or in interstate commerce any such security for the purpose of sale or for delivery after sale, unless accompanied or
(continued...)

Any person who--

    (1) offers or sells a security in violation of section 77e of this title . . .

    . . . .

**shall be liable**, subject to subsection (b) of this section, **to the person purchasing such security from him**, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security.

(Emphases added.)  Even assuming, *arguendo*, that Plaintiff can prove that Defendants offered and/or sold securities without a required prospectus, Plaintiff has not alleged that Defendants offered and/or sold the securities in question to him. Defendants therefore are not liable to Plaintiff for the alleged violation of the Securities Act.

Amended Count IV fails to state a claim that is plausible on its face.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[7](...continued)
preceded by a prospectus that meets the requirements of subsection (a) of section 77j of this title.

defendant is liable for the misconduct alleged." (quoting and
citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570, 556
(2007))). Further, based on the allegations of the Second
Amended Complaint and in light of the fact that Plaintiff has
already had the opportunity to cure the defects in this claim,
this Court finds that further amendment of Amended Count IV would
be futile. See Johnson v. Am. Airlines, Inc., 834 F.2d 721, 724
(9th Cir. 1987) (noting that "courts have discretion to deny
leave to amend a complaint for futility" (citation and quotation
marks omitted)).

Defendants' Motion is GRANTED as to Amended Count IV,
and Amended Count IV is DISMISSED WITH PREJUDICE.

    B.    **Amended Count XV**

In the 10/16/13 Order, this Court concluded that
Plaintiff's claim for "VIOLATION OF INTERSTATE COMMERCE LAWS"
failed to state a claim because it did not "identify the specific
laws Defendants allegedly violated, nor [did] it state how
Plaintiff was harmed by the alleged violations." 2013 WL
5675534, at *5. Plaintiff has amended this claim to include the
allegations that:

> No state business tax registry was filed by either
> TVXA or GPE, in violation of Hawai`i law requiring
> same, yet both of these entities, owned solely by
> Defendants Gottlieb, Borneman, Hall and Harris,
> were actively engaged in doing business in Hawaii.
> Moreover, both Defendants Gottlieb and Dubowsky
> were hiring contractors, purchasing materials, and
> hiring individuals without filing state or federal

> returns for such activities, without reporting
> such activities to the state tax revenue office,
> and without paying mandatory payroll deductions,
> federal and state tax withholdings or depositing
> same to state and federal tax authorities.  As
> Plaintiff is a principal in Kama`aina Topsoil,
> this has exposed Plaintiff Barker to potential tax
> liabilities and penalties.

[Second Amended Complaint at ¶ 139.]  Plaintiff's claim for the

"VIOLATION OF INTERSTATE COMMERCE LAWS" (Amended Count XV) now

alleges violations of both federal tax laws and state tax laws.

This Court finds that, construed liberally, Plaintiff's Amended

Count XV alleges "a short and plain statement of the claim

showing that [Plaintiff] is entitled to relief."  <u>See</u> Fed. R.

Civ. P. 8(a)(2).

These alleged violations, however, have only injured

Plaintiff by subjecting him to "**potential** tax liabilities and

penalties."  [<u>Id.</u> (emphasis added).]

> Article III of the United States Constitution
> limits the power of the courts to the resolution
> of actual "Cases" and "Controversies."  U.S.
> Const., art. III, § 2; <u>Valley Forge Christian
> Coll. v. Ams. United for Separation of Church &
> State, Inc.</u>, 454 U.S. 464, 471, 102 S. Ct. 752, 70
> L. Ed. 2d 700 (1982).  "[T]he irreducible
> constitutional minimum of standing contains three
> elements": (1) injury in fact, (2) causation, and
> (3) redressability.  <u>Lujan v. Defenders of
> Wildlife</u>, 504 U.S. 555, 560-61, 112 S. Ct. 2130,
> 119 L. Ed. 2d 351 (1992).  Thus, the party seeking
> to establish standing must show the "actual or
> imminent" "invasion of a legally protected
> interest" that is "fairly traceable to the
> challenged action" and is "likely . . . to be
> redressed by a favorable decision."  <u>Id.</u> at
> 560-61, 112 S. Ct. 2130 (emphasis added)
> (alterations, citations, and quotation marks

omitted).  The party seeking to establish
jurisdiction . . . bears the burden of
demonstrating standing.  <u>DaimlerChrysler Corp. v.
Cuno</u>, 547 U.S. 332, 342 & n.3, 126 S. Ct. 1854,
164 L. Ed. 2d 589 (2006); <u>Lujan</u>, 504 U.S. at 561,
112 S. Ct. 2130. . . .

<u>Ass'n of Pub. Agency Customers v. Bonneville Power Admin.</u>, 733
F.3d 939, 969-70 (9th Cir. 2013) (some alterations in <u>Bonneville
Power</u>).

Insofar as Plaintiff has only alleged that he faces
potential tax liability and penalties as a result of Defendants'
alleged violations of federal and state tax laws, Plaintiff has
not alleged an injury in fact.  Even considering the allegations
in the Second Amended Complaint as a whole, this Court concludes
that Plaintiff has not pled sufficient factual allegations that
would support a reasonable inference that Plaintiff has standing
to pursue the claims in Amended Count XV.  <u>See</u> <u>Iqbal</u>, 556 U.S. at
678.  Amended Count XV therefore fails to state a claim that is
plausible on its face.  This Court, however, finds that it is
possible to cure the defects in Amended Count XV by amendment, if
Plaintiff can allege that he faces actual or imminent tax
liabilities or penalties as a result of Defendants' alleged
violations of federal and state tax laws.  <u>See</u> <u>Harris v. Amgen,
Inc.</u>, 573 F.3d 728, 737 (9th Cir. 2009) ("Dismissal without leave
to amend is improper unless it is clear that the complaint could
not be saved by any amendment." (citation and quotation marks
omitted)).

Defendants' Motion is GRANTED IN PART AND DENIED IN PART as to Amended Count XV, which is DISMISSED WITHOUT PREJUDICE.

## III. **State Law Claims**

In the instant Motion, Defendants argue that Plaintiff's Second Amended Complaint still fails to allege sufficient factual allegations that would support a reasonable inference that Plaintiff has standing to pursue his state law claims. Defendants therefore urge this Court to dismiss all of Plaintiff's state law claims with prejudice. [Mem. in Supp. of Motion at 18.]

In the 10/16/13 Order, this Court set forth the applicable Hawai`i law relevant to the analysis of Plaintiff's standing to pursue his state law claims, 2013 WL 5675534, at *6-7, and this Court incorporates that analysis into this Order. In response to the 10/16/13 Order, Plaintiff has included numerous allegations in the Second Amended Complaint alleging that: Defendants' actions have harmed him personally; when he did the work connected with the projects that are at issue in this case ("the Projects"),[8] he acted as an individual and not on behalf of

---

[8] As this Court noted in connection with the original Complaint, the Projects at issue in the Second Amended Complaint include:

> a biomass-to-biofuel facility at the site of the former Hamakua Sugar Mill, in Haina Camp on the
> (continued...)

any entity; and the tangible and intellectual property he

produced in connection with the Projects belonged to him

personally.  For example, Plaintiff alleges:

- "This Amended Complaint concerns solely and exclusively the
causes of action and financial and other harm which as been
inflicted upon Plaintiff Barker **personally** by the
Defendants."  [Second Amended Complaint at Introduction ¶ 1
(emphasis in original).]

- "None of the ideas, concepts, plans, properties, contracts,
opportunities, documents, reports, data, studies or analyses
ever belonged to any of the 'business entities' that were
formed by the parties.  All of the foregoing were entirely
the intellectual and tangible property of the Plaintiff
Barker herein as an individual person."  [Id. at pg. 7 n.1.]

- "Plaintiff Barker, without any involvement, assistance,
participation of any of the Defendants, negotiated a
purchase agreement with Ambit Funding in January 2011,
leading to an executed purchase contract, signed on January
29, 2011 and February 1, 2011, respectively."  [Id. at
SUMMARY ¶ 5.[9]]  Plaintiff also alleges that he "personally

---

[8](...continued)
island of Hawai`i ("Haina Mill Project"); the
development and marketing of a 1,100,000 cubic
yard topsoil resource on one of parcels of the
Haina Mill property under the name Kama`aina Earth
Products ("KAEP" and "the KAEP Topsoil Project");
and the acquisition of the Hamakua Energy Partners
power plant ("HEP Power Plant Project").

10/16/13 Order, 2013 WL 5675534, at *1.

[9] This allegation refers to the Real Estate Purchase
Contract between Haina Mill Mortgage Lender, LLC, as seller, and
Moku Nui Land Company, Inc., as buyer regarding six parcels of
real property in the County of Hawai`i.  [Second Amended
Complaint, Exh. 3 at 1.]  The Second Amended Complaint refers the
six parcels collectively as "Haina Mill."  [Second Amended
Complaint at SUMMARY ¶ 3.]  This Court will refer to the document
as the "Haina Mill Purchase Contract."  Plaintiff signed the
Haina Mill Purchase Contract as "President Moku Nui Land
(continued...)

arranged for the funding" of this project.  [<u>Id.</u> at ¶ 34.]

- "Plaintiff Barker, as an individual person, – and **not** as ideas or intellectual property or conceptions owned by any business entity, whatsoever, brought to Defendants Gottlieb, Borneman, Hall, Harris, TVXA and GPE, the idea, concept, economic analyses, technical and engineering evaluations, and the business opportunity of purchase of" the HEP Power Plant.  [<u>Id.</u> at ¶ 16 (emphasis in original).]

- "Plaintiff Barker, as an individual person, and not as assets or ideas belonging to any company or business entity, was the source of all concepts, ideas, plans, documents and opportunities proposing utilization of biomass to create other valuable products in Hawaii."  [<u>Id.</u> at ¶ 17.]

- "Plaintiff Barker has personally, and not as assets or ideas belonging to any company or business entity, expended extraordinary amounts of time, effort, and expenses in developing and furthering the business opportunities that were brought to the Defendants."  [<u>Id.</u> at ¶ 30.]

- "All ideas, concepts, plans, documents were and remain solely the work product and intellectual property of Plaintiff Barker personally."  [<u>Id.</u> at ¶ 45.]

- All of the Projects "were the ideas, conceptions, intellectual property and personal work product of Plaintiff Barker." [<u>Id.</u> at ¶ 118.]

For the purposes of the instant Motion, this Court assumes that Plaintiff's factual allegations are true.  <u>See</u> <u>Harris v. Amgen, Inc.</u>, 738 F.3d 1026, 1035 (9th Cir. 2013) ("We review <i>de novo</i> the district court's grant of a motion to dismiss

---

[9](...continued)
Company."  [<u>Id.</u>, Exh. 3 at 9.]

This Court notes that the copy of the Haina Mill Purchase Contract that Plaintiff submitted as Exhibit 3 does not have page numbers.  The page numbers in this Court's citation to Exhibit 3 refer to the pages number on the Exhibit as it appears in the district court's ECF system.

under Rule 12(b)(6), accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party." (citation and quotation marks omitted)). The state law claims in the Second Amended Complaint, however, still rely upon the allegations that: 1) Defendants committed, through the 8/18/11 Letter of Intent, the 9/1/11 Joint Venture Agreement, and the 10/13/11 GPE 60 Letter Agreement, to secure funding for the Projects; and 2) Defendants failed to fulfill their obligations to secure such funding. [Second Amended Complaint at ¶¶ 51-55, 80, 116.] Plaintiff alleges that, as a result of Defendants' failure to provide the agreed upon funding, the Projects did not proceed, "which has been the direct causation of financial harm to Plaintiff Barker personally." [Id. at ¶ 79.] This allegation, however, is a legal conclusion, and the tenet that a court must accept as true all of the allegations contained in a complaint — "is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949.

Although the 8/18/11 Letter of Intent is addressed to Plaintiff and Garrett Smith, it is addressed to Plaintiff in his capacity as "Executive Vice President" of CPL, and the letter expressly states that it "is executed by and between" TVXA and CPL. [Second Amended Complaint, Exh. 4 at 1.] Plaintiff, individually, is not a party to the agreement, which merely notes that CPL "represent[s] the interests of Garrett Smith, Chuck

16

Barker, and affiliates." [Id.]

Similarly, the 9/1/11 Joint Venture Agreement and the 10/13/11 GPE 60 Letter Agreement are between GPE and CPL. [Complaint, Exh. 2 at 1;[10] Second Amended Complaint, Exh. 5 at 12.] According to the copy that Plaintiff submitted with the original Complaint (which this Court notes is not executed by TVXA), J. Garrett Smith signed the document on behalf of CPL as its "Chief Technology Officer." [Complaint, Exh. 2 at 22.] The 10/13/11 GPE 60 Letter Agreement acknowledges that Plaintiff "individually and with partners Kika Bukoski, Jonny Dubowsky, Tony Moglia and others, which together comprise Haleakala Holdings, LLC . . . along with [CPL] . . . have invested time and resources toward structuring the acquisition of the" HEP Power Plant. [Second Amended Complaint, Exh. 5 at 1.] Like the 8/18/11 Letter of Intent, however, the 10/13/11 GPE 60 Letter Agreement is addressed to Plaintiff in his capacity as "Executive Vice President" of CPL. [Id. at 2-12.]

A.    **Claims Enforcing the Agreements**

First, the fact that Plaintiff individually expended time and resources in the development of the Agreements and/or in the events that arose out of the Agreements does not change the

---

[10] Plaintiff did not submit the 9/1/11 Joint Venture Agreement as an exhibit to the Second Amended Complaint. Exhibit 2 to the original Complaint does not have page numbers. The page numbers in this Court's citations refer to the page numbers in the ECF System.

fact that he is not a party to any of the Agreements.  Further,

although the Agreements may have acknowledged Plaintiff's

contributions, nothing in any of the Agreements indicates that

Plaintiff, as an individual, was an intended third-party-

beneficiary of that agreement.  <u>See</u> <u>Ass'n of Apartment Owners of</u>

<u>Newtown Meadows ex rel. Bd. of Dirs. v. Venture 15, Inc.</u>, 115

Hawai`i 232, 269-70, 167 P.3d 225, 262-63 (2007) (describing

intended third-party-beneficiary exception to the general rule

that "third parties do not have enforceable contract rights"

(citation and quotation marks omitted)).  This Court therefore

concludes that Plaintiff, as an individual, does not have

standing to bring claims for breach of the Agreements or to

otherwise enforce Defendants' obligations under the Agreements.

<u>See</u> 10/16/13 Order, 2013 WL 5675534, at *6-7.  Thus, Plaintiff's

Amended Count VIII (BREACH OF CONTRACT) and Amended Count IX

(ANTICIPATORY BREACH OF CONTRACT) each fails to state a claim

that is plausible on its face.

Insofar as Plaintiff's Amended Count II (BREACH OF

FIDUCIARY RESPONSIBILITY) and Plaintiff's Amended Count XIII

(NEGLIGENCE)[11] also seek to enforce Defendants' obligations under

_____

[11] Although Amended Count XIII alleges negligence, the
allegations of that count show that it is another attempt to
enforce Defendants' obligations under the Agreements.  Amended
Count XIII alleges:

Defendants Gottlieb, Borneman, Hall, Harris, TVXA
(continued...)

18

the Agreements, Amended Counts II and XIII each fails to state a
claim that is plausible on its face. In addition, Plaintiff's
Amended Count X (THEFT OF REAL PROPERTY PURCHASE CONTRACT)
essentially seeks to enforce obligations under the Haina Mill
Purchase Contract, which Plaintiff, as an individual, was neither
a party to nor an intended third-party-beneficiary of. This
Court therefore concludes that Amended Count X fails to state a
claim that is plausible on its face because Plaintiff does not
have standing to bring Amended Count X.

Based on the allegations of the Second Amended
Complaint and in light of the fact that Plaintiff has already had
the opportunity to cure the standing defects in these claims,
this Court finds that further amendment of Amended Counts II,
VIII, IX, X, and XIII would be futile.

Further, Amended Count III (PROFESSIONAL MISCONDUCT)
alleges that certain of the individual Defendants violated the
standards of conduct of their professions relevant to their roles

---

[11](...continued)
and GPE have committed . . . negligence and gross
dereliction of of [sic] their duties and
responsibilities to act as the financial partner
for the projects, per their agreement to act as
such. Based upon the most current information and
belief of Plaintiff, as of the date of the filing
of this Complaint, Defendants have wholly failed
to procure even a single dollar from any outside
investor or debt (loan) provider sources . . . .

[Second Amended Complaint at ¶ 137.]

in the Projects.  For example, the Second Amended Complaint alleges that Defendant Hall is a licensed attorney and Defendant Gottlieb is a licensed insurance agent.  [Second Amended Complaint at ¶ 124.]  Insofar as Plaintiff, individually, was not a party to the Agreements, none of the individual Defendants represented Plaintiff, individually, in the Projects.  Plaintiff therefore lacks standing to raise any professional misconduct that the individual Defendants allegedly committed in connection with the Projects.  Based on the allegations of the Second Amended Complaint and in light of the fact that Plaintiff has already had the opportunity to cure the standing defects his professional misconduct claim, this Court finds that further amendment of Amended Count III would be futile.

Defendants' Motion is GRANTED as to Amended Count II, Amended Count III, Amended Count VIII, Amended Count IX, Amended Count X, and Amended Count XIII, which are DISMISSED WITH PREJUDICE.

## B.  <u>Claims Regarding Losses Suffered by the LLCs</u>

Amended Count I (FRAUD), Amended Count V (MISREPRESENTATION), Amended Count VI (MALFEASANCE), Amended Count VII (MISAPPROPRIATION OF CORPORATE FUNDS), and Amended Count XIV (TORTIOUS INTERFERENCE) also allege actions and omissions related to the Agreements, but these claims do not seek to enforce the Agreements.  Instead, these claims allege that

Defendants' actions caused various types of harm to the LLCs. In spite of Plaintiff's amendments, these claims do not allege that Defendants' actions harmed Plaintiff individually. As previously noted, Plaintiff, as an individual, is not a party to the Haina Mill Purchase Contract. Thus, Plaintiff is not an owner of the Haina Mill property, nor is he an owner of any other property or assets of the LLCs.[12] See Haw. Rev. Stat. § 428-501(a) ("A member is not a co-owner of, and has no transferable interest in, property of a limited liability company."). This Court therefore concludes that Plaintiff lacks standing to pursue Amended Counts I, V, VI, VII, and XIV because each claim seeks to recover losses by, or other damages to, the LLCs, and these claims do not assert that Plaintiff, as an individual, suffered an injury in fact as a result of Defendants' allegedly wrongful actions. Amended Count I, Amended Count V, Amended Count VI, Amended Count VII, and Amended Count XIV are DISMISSED.

This Court, however, finds that it is arguably possible for Plaintiff to cure the standing defects in these claims. Plaintiff's Supplemental Memorandum indicates that he may be able to allege a plausible basis for standing because he has a

_____

[12] This Court does not construe Amended Counts I, V, VI, VII, and XIV as addressing intellectual property or work product, which, although created in connection with the Agreements and/or the Projects, allegedly belongs to Plaintiff individually. Plaintiff has alleged those claims in Amended Counts XI and XII.

distributional interest in the assets of LLCs.[13]  See Haw. Rev. Stat. § 428-501(b) (stating that "[a] distributional interest in a limited liability company is personal property").  Plaintiff, however, must allege how Defendants' allegedly wrongful acts resulted in the decrease in Plaintiff's distributional share of the LLCs' assets.  This Court will therefore turn to the issue of whether, even after the addition of allegations regarding harm to Plaintiff's distributional interests, further amendment of Amended Counts I, V, VI, VII, and XIV would still be futile.

### 1.  Fraud-Based Claims

In addition to the fraud claim in Amended Count I, Plaintiff also alleges fraud-based claims in Amended Count V (MISREPRESENTATION) and Amended Count VI (MALFEASANCE).  This Court applies the following standard in reviewing whether a

---

[13] This Court notes that the Second Amended Complaint refers to the "diminution of the ownership participation shares of ownership by Plaintiff Barker."  [Second Amended Complaint at ¶ 84.]  The Second Amended Complaint also asserts that Plaintiff has a fifty-six percent interest in Kuleana Management, a twenty-five percent interest in KAEP, and an fifty percent interest in the portion of the Haina Mill Project that is not owned by TVXA/GPE.  [Id. at CALCULATION OF DAMAGES ¶ 6.]  These allegations, individually and in the context of the entire Second Amended Complaint, are not sufficient to show that Plaintiff, as an individual, has a distributional interest in the business property at issue in Amended Counts I, V, VI, VII, and XIV.  Thus, the Second Amended Complaint does not plead a sufficient basis for Plaintiff's standing to bring these claims.  This Court emphasizes that it has not considered Plaintiff's Supplemental Memorandum in reviewing whether these counts state claims upon which relief can be granted.  This Court has only considered the Supplemental Memorandum to determine whether it would be futile to allow Plaintiff to amend these claims.

plaintiff has sufficiently pled a fraud claim:

>[Fed. R. Civ. P.] 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Pursuant to Rule 9(b), a party is required to make particularized allegations of the circumstances constituting fraud. See Sanford v. MemberWorks, Inc., 625 F.3d 550, 557–58 (9th Cir. 2010).

>In their pleadings, Plaintiffs "must allege the time, place, and content of the fraudulent representation; conclusory allegations do not suffice." See Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1042 (9th Cir. 2010) (citation omitted). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); see also Odom v. Microsoft Corp., 486 F.3d 541, 554 (9th Cir. 2007) (en banc) ("[T]he state of mind—or scienter—of the defendants may be alleged generally." (citation omitted)); Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973) (stating that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

>When there are multiple defendants,

>>Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.

>Swartz v. KPMG LLP, 476 F.3d 756, 764–65 (9th Cir. 2007) (alterations in Swartz) (internal quotation marks and citations omitted); see also Meridian Project Sys., Inc. v. Hardin Constr. Co., 404 F.

Supp. 2d 1214, 1226 (E.D. Cal. 2005) ("When fraud
claims involve multiple defendants, the complaint
must satisfy Rule 9(b) particularity requirements
for each defendant." (citations omitted)).

Lindsay v. Bank of Am., N.A., Civil No. 12-00277 LEK-BMK, 2012 WL
5198160, at *10-11 (D. Hawai`i Oct. 19, 2012) (some alterations
in Lindsay).

Amended Count I alleges that "Defendants Gottlieb,
Hall, TVXA and GPE have defrauded Plaintiff by engaging in
written contractual agreements which specifically iterate the
responsibilities of persons, including Plaintiff Barker, and then
Defendants later attempted to change or abrogate entirely their
duties, and repeatedly attempt to replace such agreements with
new agreements." [Second Amended Complaint at ¶ 121.] Even if
this Court liberally construes Amended Count I as alleging that
Defendants Gottlieb, Hall, TVXA and GPE fraudulently attempted to
alter certain agreements, the Second Amended Complaint does not
allege the time, place, and content of the fraud that each of
those defendants allegedly engaged in, including which specific
agreements that each defendant fraudulently attempted to alter.
The current factual allegations in this portion of Amended Count
I do not meet the heightened pleading standard for a fraud claim.
This Court, however, finds that it is arguably possible for
Plaintiff to cure the defects in this portion of Amended Count I.

Amended Count VI alleges that "Defendants Gottlieb and
Dubowsky have committed an ongoing practice of personal and

24

corporate malfeasance, including obtaining, using, and expending
of funds for conduct of matters of business . . . and keeping
secret, clandestine, making unauthorized and unapproved decisions
and expenditures." [Id. at ¶ 128.] The Second Amended Complaint
does not allege the time, place, and content of the fraud that
Defendant Gottlieb and Defendant Dubowsky each engaged in,
including the specific fraudulent expenditures and decisions each
allegedly made. The current factual allegations in Amended
Count VI do not meet the heightened pleading standard for a fraud
claim. This Court, however, finds that it is arguably possible
for Plaintiff to cure the defects in Amended Count VI.

Amended Count V and the remainder of Amended Count I
allege that certain Defendants made fraudulent representations
about their ability to secure financing for the projects at issue
in this case. [Id. at ¶ 120 ("Defendants Gottlieb, Borneman,
Hall, Dubowsky, TVXA, and GPE have enticed and fraudulently
caused Plaintiff Barker to believe that they intended to and were
capable of providing capital and financing such as would fund the
subject projects."); id. at ¶ 127 ("Defendants Gottlieb,
Borneman, Hall, TVXA, and GPE have made multiple material
misrepresentations as to their availability and access to capital
in the amounts to which they had represented they were capable of
provided [sic] for the initiation and conduct of business of the
subject business enterprises.").] The current factual

25

allegations of these claims do not meet the heightened pleading standard for fraud claims. Moreover, this Court has stated that, under Hawai`i law, "representations about future events are not sufficient to support a fraud claim." Niutupuivaha v. Wells Fargo Bank, N.A., Civil No. 13-00172 LEK-KSC, 2013 WL 3819600, at *13 (D. Hawai`i July 22, 2013) (some citations omitted) (citing Pancakes of Haw., Inc. v. Pomare Props. Corp., 85 Haw. 300, 312, 944 P.2d 97, 109 (Haw. App. 1997) ("The false representation [for purposes of fraud], to be actionable, must relate to a past or existing material fact, and not to the happening of future events. Generally, fraud cannot be predicated upon statements that are promissory in their nature at the time they are made and that relate to future actions or conduct." (alteration in Niutupuivaha)). Thus, this Court finds that it is not possible for Plaintiff to cure the defects in these claims by amendment.

Defendants' Motion is GRANTED as to Amended Count V and as to the portion of Amended Count I alleging fraud regarding the future availability of financing. Those claims are DISMISSED WITH PREJUDICE. Defendants' Motion is GRANTED IN PART AND DENIED IN PART as to Amended Count VI and the portion of Amended Count I alleging fraudulent alteration of agreements. Those claims are DISMISSED WITHOUT PREJUDICE.

## 2. Misappropriation of Corporate Funds

Amended Count VII alleges:

> Defendants Gottlieb and, Dubowsky, along with the
> tacit approval of Hall and Borneman, have
> committed an ongoing practice of personal and
> corporate misappropriation of corporate funds,
> including obtaining, using, and expending of funds
> for conduct of matters of business of the herein
> relevant entities, and making private, secret from
> Plaintiff Barker, and making clandestine and
> unauthorized decisions and expenditures. . . .

[Second Amended Complaint at ¶ 130.] This claim is similar to Amended Count VI, but Amended Count VII does not sound in fraud, and therefore this claim does not need to meet the heightened pleading standard. Defendants acknowledge that "[u]nder Hawai`i law, `[i]t is fundamental that directors and officers must use corporate funds for corporate purposes only or they will be liable for misappropriation, diversion, or conversion of corporate assets.'" [Mem. in Supp. of Motion at 26 (quoting Lussier v. Mau-Van Development, Inc., 4 Haw. App. 359, 371, 667 P.2d 804, 814 (Ct. App. 1983)).] Defendants, however, argue that Amended Count VII does not plead sufficient factual allegations to meet the pleading standards of Iqbal and Fed. R. Civ. P. 8(a)(2). [Id. at 26-27.] This Court disagrees, assuming that Plaintiff amends this count to allege the harm to his distributional interest that he describes in his Supplemental Memorandum. If Plaintiff adds the allegations regarding the damages to his distributional interests that the alleged misappropriation of corporate funds caused, this Court would find that Plaintiff's misappropriation of corporate funds claim is

27

sufficiently pled.  Thus, this Court finds that further amendment

of Amended Count VII would not be futile.

Defendants' Motion is GRANTED IN PART AND DENIED IN

PART as to Amended Count VII, which is DISMISSED WITHOUT

PREJUDICE.

### 3. **Tortious Interference**

Amended Count XIV alleges:

> Defendants Gottlieb, Borneman, Hall, Harris,
> Dubowsky, TVXA and GPE have committed tortious
> interference with the projects and opportunities
> which have been conceived and brought forth by
> Plaintiff Barker.  Moreover, Defendants have
> intentionally, and for purposes of their own
> envisioned enrichment, interfered with and impeded
> the personal and personal business prospects of
> Plaintiff Barker, to the extreme prejudice and
> financial harm to Plaintiff Barker. . . .

[Second Amended Complaint at ¶ 138.]

The Hawai`i Supreme Court has stated that:

> The elements of the tort of intentional
> interference with prospective business advantage
> are:
>
>> (1) the existence of a valid business
>> relationship or a prospective advantage or
>> expectancy sufficiently definite, specific,
>> and capable of acceptance in the sense that
>> there is a reasonable probability of it
>> maturing into a future economic benefit to
>> the plaintiff; (2) knowledge of the
>> relationship, advantage, or expectancy by the
>> defendant; (3) a purposeful intent to
>> interfere with the relationship, advantage,
>> or expectancy; (4) legal causation between
>> the act of interference and the impairment of
>> the relationship, advantage, or expectancy;
>> and (5) actual damages.

> Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, Inc.,
> 113 Hawai`i 77, 116, 148 P.3d 1179, 1218 (2006)
> (quoting Robert's Haw. Sch. Bus, Inc. v.
> Laupahoehoe Transp. Co., 91 Hawai`i 224, 258, 982
> P.2d 853, 887 (1999)).

Minton v. Quintal, 131 Hawai`i 167, 191, 317 P.3d 1, 25 (2013).

To the extent that Plaintiff attempts to allege a tortious interference with prospective contractual relations claim, he would have to establish these elements and the additional element that the Defendants named in that claim "acted without proper justification."  See Whitey's Boat Cruises, Inc. v. Napali-Kauai Boat Charters, Inc., 110 Hawai`i 302, 317 n.25, 132 P.3d 1213, 1228 n.25 (2006) ("In addition to the elements required to establish a claim for tortious interference with prospective business advantage, a plaintiff asserting a claim for tortious interference with prospective contractual relations must also prove that 'the defendant acted without proper justification.'" (citation omitted)).

On a motion to dismiss, this Court need only determine if there are sufficient factual allegations to support a reasonable inference of liability.  Iqbal, 556 U.S. at 678.  The current factual allegations of Amended Count XIV are not sufficient to support a reasonable inference of liability either as to: 1) the alleged interference with Plaintiff's individual prospective business advantage or Plaintiff's prospective contractual relations; or 2) the LLCs' prospective business

29

advantage or the LLCs' prospective contractual relations (assuming that Plaintiff can amend this portion of his claim to allege how his distributional interests in the LLCs' assets were harmed by the alleged interference).  This Court, however, finds that it is arguably possible for Plaintiff to cure the defects in Amended Count XIV by amendment.

Defendants' Motion is GRANTED IN PART AND DENIED IN PART as to Amended Count XIV, which is DISMISSED WITHOUT PREJUDICE.

**C.  Claims Regarding Plaintiff's**
    **Intellectual Property and Work Product**

Amended Count XI alleges theft of Plaintiff's intellectual property, and Amended Count XII alleges theft of Plaintiff's work product.  Amended Count XI addresses seventeen items, including, for example:

> a.   The ideas, concepts, proprietary information and opportunity to acquire the Haina Mill property;
>
> b.   The idea, concept, propriety information and opportunity to construct and operate a biofuel processing facility at Haina Mill;
>
> . . . .
>
> e.   The proprietary information and opportunity to participate in a topsoil and natural resource production operation;
>
> f.   Information, proprietary documents and opportunities regarding the forest resources on the Hamakua Coast, at Pahala, Waiakea Forest, on Hawaiian Home Lands, on Kamehameha School lands, on Parker Ranch lands, on Kukaiau Ranch, and at

country and state lands.

. . . .

o.   economic information and proprietary documents requested by Defendants used in their evaluations of the various investments;

p.   Proprietary biomass and planting land information requested from Plaintiff by Defendants;

q.   And other of Plaintiff's intellectual property which has been obtained by the Defendants from Plaintiff without due compensation by Defendants.

[Second Amended Complaint at ¶¶ 135.a.-q.]  Amended Count XII addresses seventeen items that are substantively identical to the items identified in Amended Count XI.  [Id. at ¶¶ 136.a.-q.]

Plaintiff alleges that these items are either intellectual property or personal work "belonging to, conceived by, devised and invented by, and developed by the Plaintiff Barker."  [Id. at ¶¶ 135-36.]  Plaintiff alleges that Defendants committed theft of these items, and others, and that Defendants have not compensated him.  [Id.]  These portions of Amended Count XI were part of Count XI in the original Complaint.  Amended Count XII is a new claim.

As previously noted, Plaintiff, individually, was not a party to the Agreements.  In the 10/16/13 Order, this Court stated that "the state law claims appear to be based upon activities that Plaintiff was involved in on behalf of the LLCs. Neither the allegations in the Complaint nor the exhibits

attached thereto indicate that Plaintiff was acting on his own behalf in the events at issue in this case." 2013 WL 5675534, at *7. In the Second Amended Complaint, Plaintiff added the following allegations to Count XI:

> All of the lucrative prospective investments, the Haina Mill real property, and the biomass, energy and natural resource opportunities in Hawaii, and the information, documents and analyses that Defendants have attempted to usurp from Plaintiff are the ideas, conceptions, intellectual property and personal work product solely of Plaintiff Barker. This has harmed Plaintiff by both the failure of Defendants to compensate Plaintiff Barker, as well as caused Plaintiff Barker to suffer opportunity loss of extreme fiscal scale, by Defendants [sic] actions having prevented Plaintiff Barker from taking these opportunities to project funders who are both honorable and actually are capable of funding the project which are the subject of this litigation.

[Second Amended Complaint at ¶ 135.] Amended Count XII also includes these allegations. [Id. at ¶ 136.] The original Count XI alleged that Plaintiff created ideas and opportunities, etc., for the Projects, but that the work belonged to him. Thus, the only new allegation is that Plaintiff lost fiscal opportunities. Plaintiff, however, has not cured the defects in his theft of intellectual property claim because he has not presented any allegations that Defendants agreed to compensate him individually for the intellectual property that he created to further the Projects. The same defect applies to Plaintiff's new theft of work product claim. This Court therefore concludes that Amended Count XI and Amended Count XII each fails to state a

plausible claim for relief.

This Court must also determine whether allowing Plaintiff to amend these claims would be futile. The closest cognizable tort claim under Hawai`i law to Amended Count XI and Amended Count XII is conversion.

> Conversion encompasses the following acts: "(1) A taking from the owner without his consent; (2) an unwarranted assumption of ownership; (3) an illegal use or abuse of the chattel; and (4) a wrongful detention after demand." Tsuru v. Bayer, 25 Haw. 693, 696 (1920). The evidence presented established a prima facie case that [the Department of Hawaiian Home Lands ("DHHL")] committed acts (1) and (2) of this definition by rounding up and selling Nobriga's cattle without his consent. DHHL emphasizes that it mistakenly believed its actions were lawful. However, conversion does not require wrongful intent. 18A Am. Jur. 2d Conversion § 3 (2010); Federal Ins. Co. v. Fries, 78 Misc. 2d 805, 355 N.Y.S.2d 741, 744 (N.Y. City Civ. Ct. 1974). "[T]he defendant's knowledge, intent, motive, mistake, and good faith are generally irrelevant." Morissette v. United States, 342 U.S. 246, 253, 72 S. Ct. 240, 96 L. Ed. 288 (1952). "So long as he [or she] intends to deal with the property in a way which is in fact inconsistent with the plaintiff's right, he [or she] is a converter." Fries, 355 N.Y.S.2d at 744.

Freddy Nobriga Enters., Inc. v. Hawai`i Dep't of Hawaiian Home Lands, 129 Hawai`i 123, 129-30, 295 P.3d 993, 999-1000 (Ct. App. 2013) (some alterations in Freddy Nobriga Enters.). This Court, however, has ruled that "the tort claim of conversion does not extend to the unauthorized taking of intangible property." J & J Sports Prods., Inc. v. Alcantara, Civil No. 13-00220 LEK-RLP, 2014 WL 1669070, at *5 (D. Hawai`i Apr. 25, 2014). Insofar as a

conversion claim alleging a taking of intellectual property or work product[14] is not cognizable under Hawai`i law, this Court finds that further amendment of Amended Count XI and Amended Count XII would be futile.

Defendants' Motion is GRANTED as to Amended Count XI and Amended Count XII, which are DISMISSED WITH PREJUDICE.

## IV. <u>Summary and Leave to Amend</u>

This Court has dismissed the following claims with prejudice: the portion of Amended Count I alleging fraud regarding the future availability of financing, Amended Count II, Amended Count III, Amended Count IV, Amended Count V, Amended Count VIII, Amended Count IX, Amended Count X, Amended Count XI, Amended Count XII, and Amended Count XIII.[15]

This Court has dismissed the following claims without prejudice: the portion of Amended Count I alleging fraudulent alteration of agreements, Amended Count VI, Amended Count VII, Amended Count XIV, and Amended Count XV.

---

[14] Although documents that Plaintiff alleges he created are tangible items, what he seeks to protect are the intangible ideas, concepts, and opportunities memorialized in those documents.

[15] The dismissal with prejudice of Plaintiff's claims which this Court has found belong to the LLCs does not preclude the LLCs from filing a separate action. This Court emphasizes that it expresses no opinion as to the merit of such claims, if the LLCs brought them.

This Court grants Plaintiff leave to file a third amended complaint setting forth the claims that this Court has dismissed without prejudice, if Plaintiff can amend those claims to cure the defects identified in this Order. Plaintiff shall file his third amended complaint by no later than **June 30, 2014**. This Court reminds Plaintiff that he must attach any exhibits that he wishes to rely upon in the third amended complaint. As this Court has previously informed Plaintiff, he may not incorporate by reference exhibits that he attached to prior filings in this case. <u>See</u> EO: Court Order Denying Plaintiff's Request for Judicial Notice of All Exhibits Currently Contained in Court File, filed 12/5/13 (dkt. no. 49).

This Court emphasizes that Plaintiff does not have leave to add new parties, claims, or theories of liability. If Plaintiff wishes to make other amendments, he must file a motion showing good cause for an amendment to the Rule 16 Scheduling Order because the deadline to add parties and amend pleadings was May 9, 2014. <u>See</u> Rule 16 Scheduling Order, filed 2/3/14 (dkt. no. 61), at 2.

This Court CAUTIONS Plaintiff that, if he fails to file his third amended complaint by **June 30, 2014**, or if the third amended complaint fails to cure the defects identified in this Order, the claims which this Court has dismissed without prejudice will be dismissed with prejudice. This Court will not

allow further amendments unless Plaintiff can demonstrate good cause for his failure to cure the defects that this Court has identified.

<u>**CONCLUSION**</u>

On the basis of the foregoing, Defendants' Motion to Dismiss Second Amended Complaint, filed January 23, 2014, is HEREBY GRANTED IN PART AND DENIED IN PART.  Plaintiff shall file his third amended complaint, consistent with the terms of this order, by no later than **June 30, 2014**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 28, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHARLES BARKER, III VS. JOSHUA L. GOTTLIEB, ET AL; CIVIL 13-00236 LEK-BMK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**