```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

CHARLES BARKER III,              )    CIVIL 13-00236 LEK-BMK
                                 )
          Plaintiff,             )
                                 )
     vs.                         )
                                 )
JOSHUA L. GOTTLIEB, JONATHAN     )
DUBOWSKY, DONALD BORNEMAN,       )
CHARLES HALL, SCOTT HARRIS,      )
THE VALUE EXCHANGE ADVISORS,     )
also known as/doing business     )
as TVXA, GEMCO-PACIFIC ENERGY    )
LLC, aka GPE and ROES 1-25,      )
                                 )
          Defendants.            )
_____  )
```

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT**

On July 15, 2014, Defendants Joshua L. Gottlieb, Jonathan Dubowsky, Donald Borneman, Charles Hall, Scott Harris, the Value Exchange Advisors ("TVXA"), and GEMCo-Pacific Energy LLC (collectively "Defendants") filed their Motion to Dismiss Plaintiff's Third Amended Complaint ("Motion"). [Dkt. no. 94.] Pro se Plaintiff Charles Barker III ("Plaintiff") filed his memorandum in opposition on August 22, 2014, and Defendants filed their reply on September 22, 2014. [Dkt. nos. 97, 98.] On September 24, 2014, the Court issued an entering order finding this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local

Rules"). [Dkt. no. 99.] After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendants' Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

The relevant factual and procedural background of this case is set forth in this Court's October 16, 2013 Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings ("10/16/13 Order"), and this Court's May 28, 2014 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Second Amended Complaint ("5/28/14 Order"). [Dkt. nos. 44, 88.[1]] This Court will only repeat the background that is relevant to the instant Motion.

Plaintiff's Second Amended Complaint, filed January 16, 2014, [dkt. no. 53,] alleged the following claims: fraud ("Count I"); breach of fiduciary responsibility ("Count II"); professional misconduct ("Count III"); violations of United States securities laws ("Count IV"); misrepresentation ("Count V"); malfeasance ("Count VI"); misappropriation of corporate funds ("Count VII"); breach of contract ("Count VIII"); anticipatory breach of contract ("Count IX"); theft of real property purchase contract ("Count X"); theft of intellectual

---

[1] The 10/16/13 Order is available at 978 F. Supp. 2d 1168, and the 5/28/14 Order is available at 2014 WL 2215920.

2

property ("Count XI"); theft of work product ("Count XII"); negligence ("Count XIII"); tortious interference ("Count XIV"); and violation of interstate commerce laws ("Count XV").

In the 5/28/14 Order, this Court:

- dismissed with prejudice the portion of Count I alleging fraud regarding the future availability of financing, and Counts II, III, IV, V, VIII, IX, X, XI, XII, and XIII; and

- dismissed without prejudice the portion of Count I alleging fraudulent alteration of agreements, Counts VI, VII, XIV, and XV.

2014 WL 2215920, at *14.

Plaintiff filed his Third Amended Complaint on June 27, 2014. [Dkt. no. 89.] The first fifteen claims in the Third Amended Complaint ("Amended Count I" through "Amended Count XV") allege the same claims as Counts I through XV of the Second Amended Complaint. Plaintiff also added a claim titled "Evidence Suppression & Obstruction of Justice" ("Amended Count XVI") and a claim alleging perjury ("Amended Count XVII"). See id. at pg. 2.

In the instant Motion, Defendants ask this Court to dismiss all of Plaintiff's claims in the Third Amended Complaint with prejudice.

**DISCUSSION**

I. **Claims Previously Dismissed with Prejudice**

Defendants first argue that this Court should disregard Plaintiff's restatement of claims that the 5/28/14 Order dismissed with prejudice. In the Third Amended Complaint,

3

Plaintiff acknowledges that the 5/28/14 Order dismissed many of the claims in the Second Amended Complaint with prejudice, but he states that he objects to the rulings in the 5/28/14 Order. He has restated those claims so that they will be "preserved for the record on appeal." [Third Amended Complaint at ¶ 1.] First, Plaintiff did not file a motion for reconsideration of the 5/28/14 Order. This Court declines to construe Plaintiff's statements in the Third Amended Complaint as a motion for reconsideration.

In addition, the Ninth Circuit has stated that, "[f]or claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal." Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Only claims that are voluntarily dismissed are deemed waived if the plaintiff fails to replead them in the amended complaint. Id. Thus, it was not necessary for Plaintiff to reallege the claims that the 5/28/14 Order dismissed with prejudice.

This Court GRANTS the Motion insofar as this Court DISMISSES the following claims WITH PREJUDICE: the portion of Amended Count I alleging fraud regarding the future availability of financing; and Amended Counts II, III, IV, V, VIII, IX, X, XI, XII, and XIII.

## II. New Claims

In the 5/28/14 Order, this Court stated:

> This Court emphasizes that **Plaintiff does not have leave to add** new parties, **claims**, or theories of liability. If Plaintiff wishes to make other amendments, he must file a motion showing good cause for an amendment to the Rule 16 Scheduling Order because the deadline to add parties and amend pleadings was May 9, 2014. See Rule 16 Scheduling Order, filed 2/3/14 (dkt. no. 61), at 2.

2014 WL 2215920, at *15 (emphases added). By adding the new claims in Amended Counts XVI and XVII, Plaintiff violated both the 5/28/14 Order and the Rule 16 Scheduling Order. This Court therefore GRANTS Defendants' Motion as to Amended Counts XVI and XVII. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action or any claim against it.").

Amended Counts XVI and XVII are DISMISSED WITH PREJUDICE. Although the dismissal is without leave to amend in the instant case, this Order is not a ruling on the merits of those claims and does not preclude Plaintiff from bringing Amended Counts XVI and XVII in a separate action.

## III. Amended Claims

### A. Amended Count XV

In the 5/28/14 Order, this Court ruled that Count XV, alleging violation of interstate commerce laws, failed to state a plausible claim for relief because it only alleged that the

5

violations subjected him to "'**potential** tax liabilities and penalties.'" 2014 WL 2215920, at *4 (emphasis in 5/28/14 Order) (quoting Second Amended Complaint at ¶ 139). Thus, Count XV did not allege an injury in fact, and Plaintiff did not plead a sufficient basis for his standing to pursue that claim. This Court dismissed Count XV without prejudice, finding that Plaintiff could cure the defects in that claim if he could "allege that he faces actual or imminent tax liabilities or penalties as a result of Defendants' alleged violations of federal and state tax laws." Id. at *5 (citation omitted).

Plaintiff's only amendment to address that portion of the 5/28/14 Order was to include the allegation that: "The financial extent of [Defendants' violation of state and federal tax laws] is as yet unknown, and this Court has refused thus far to compel the production of documents which are necessary to reveal the extent of the potential tax liabilities." [Third Amended Complaint at ¶ 139.] The Third Amended Complaint does not allege that Plaintiff, either individually or through his interests in the entities relevant to his claims,[2] faces actual or imminent tax liabilities or penalties as a result of

---

[2] Plaintiff refers to the following entities as "the Relevant LLCs:" Cogentech-Pacific LLC; Honoka`a Energy LLC; Kama`aina Earth Products LLC, also known as 808 Topsoil ("KAEP"); Kuleana Management LLC; Kuleana Energy; Mama Makoaleo Power LLC; Mana Makoaleo Bioenergy LLC; Moku Nui BioEnergy LLC; and Moku Nui Power Co. LLC. [Third Amended Complaint at pgs. 6-7.]

6

Defendants' alleged violations of federal and state tax laws. Although Plaintiff protests that he has been denied the opportunity to obtain discovery from Defendants, such discovery is not necessary for Plaintiff to determine whether he has been subjected to additional tax liabilities and/or penalties. Thus, Plaintiff has still failed to plead an injury in fact, and he has still failed to plead sufficient factual allegations that would support a reasonable inference that he has standing to pursue the claims alleged in Amended Count XV. See 5/28/14 Order, 2014 WL 2215920, at *5 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009)).

Insofar as Plaintiff had the opportunity to correct the defects identified in the 5/28/14 Order and failed to do so, this Court finds that further amendment would be futile. This Court therefore GRANTS the Motion as to Amended Count XV, which is DISMISSED WITH PREJUDICE. See Johnson v. Am. Airlines, Inc., 834 F.2d 721, 724 (9th Cir. 1987) (noting that "courts have discretion to deny leave to amend a complaint for futility" (citation and quotation marks omitted)).

### B. Remaining Claims Regarding Losses Suffered by the LLCs

The remaining claims in the Third Amended Complaint are: the portion of Amended Count I alleging fraudulent

7

alteration of agreements;[3] and Amended Counts VI, VII, and XIV. These are state law claims that are based upon losses suffered by the Relevant LLCs but that do not seek to enforce agreements which the entities are parties to but Plaintiff, individually, is not. See 5/28/14 Order, 2014 WL 2215920, at *7-8.

In the 5/28/14 Order, this Court concluded that Plaintiff lacked standing to pursue, *inter alia*, Counts I, VI, VII, and XIV "because each claim seeks to recover losses by, or other damages to, the LLCs,[4] and these claims do not assert that Plaintiff, as an individual, suffered an injury in fact as a result of Defendants' allegedly wrongful actions." Id. at *8. This Court found that:

> it is arguably possible for Plaintiff to cure the standing defects in these claims. Plaintiff's Supplemental Memorandum[, filed 5/8/14 (dkt. no. 85),] indicates that he may be able to allege a plausible basis for standing because he has a distributional interest in the assets of LLCs. See Haw. Rev. Stat. § 428-501(b) (stating that "[a] distributional interest in a limited liability company is personal property"). Plaintiff, however, must allege how Defendants' allegedly wrongful acts resulted in the decrease in Plaintiff's distributional share of the LLCs' assets. . . .

Id. (footnote omitted) (some alterations in 5/28/14 Order).

---

[3] For the remainder of this Order, "Amended Count I" will refer only to the portion of that count alleging fraudulent alteration of agreements.

[4] In the 5/28/14 Order, "the LLCs" refers to Cogentech-Pacific, LLC and Haleakala Holdings LLC. 2014 WL 2215920, at *2.

8

The Third Amended Complaint describes the Relevant LLCs as "Entities, in which Plaintiff Charles Barker has a Membership Interest" and a "Distributional Interest." [Third Amended Complaint at pgs. 6-7.] Plaintiffs' assertion that he has a distributional interest in the Relevant LLCs is a factual allegation, which this Court must accept as true in ruling on the instant Motion. See John Doe I v. Nestle USA, Inc., 766 F.3d 1013, 1018 (9th Cir. 2014) ("A dismissal for failure to state a claim is reviewed de novo. All factual allegations in the complaint are accepted as true, and the pleadings construed in the light most favorable to the nonmoving party." (citation and quotation marks omitted)).

The 5/28/14 Order put Plaintiff on notice that, to cure the defects in Counts I, VI, VII, and XIV, he must plead, not only that he had a distributional interest in the Relevant LLCs, but also how Defendants' allegedly wrongful acts resulted in the decrease in his distributional share of the Relevant LLCs' assets. The Third Amended Complaint includes allegations such as:

- "Defendants have caused loss of opportunity, plus substantive and demonstrable financial harm to Plaintiff Barker personally, and to his distributional interests in the Relevant LLCs." [Third Amended Complaint at ¶ 25.]

- "[T]he actions and inactions of the Defendants have caused Plaintiff Barker and to [sic] his distributional interests in the Relevant LLCs to suffer loss of investment opportunities and income production prospects at level [sic] in the tens of millions of dollars." [Id. at ¶ 31.]

- "Defendants then began a series of continued, repeated and increasingly amorphous attempts to change the relationship, which would be to the extreme detriment of Plaintiff Barker, and diminution of the distributional interest participation shares in the Relevant LLCs owned by Plaintiff Barker." [Id. at ¶ 84.]

- "Defendant Dubowsky has accepted and disbursed funds for KAEP company business wholly outside and without company review and approval . . . . This . . . has caused significant financial harm to Plaintiff Barker and to his distributional interests in the Relevant LLCs." [Id. at ¶ 105.]

These and the other similar allegations in the Third Amended Complaint do not identify how Defendants' wrongful conduct alleged in the remaining claims resulted in the decrease of Plaintiff's distributional interest in the Relevant LLCs. Even in the Calculation of Damages section of the Third Amended Complaint, Plaintiff merely added the allegations that the amounts previously listed in the Second Amended Complaint were for his distributional interests in the LLCs. For example, Plaintiff alleges that his damages from the "Kama`aina Earth Products Topsoil & Natural Resources Business" consist of:

> Cash Flow Per Kama`aina Earth Products report prepared by Roger Kunhns for Defendant Dubowsky: $3,196,926 to $7,793,481
>
> > taking the median of these two figures: (3,196,926 + 7,793,481)/2 = $5,495,203
>
> Amount belonging to Plaintiff as his distributional interest in the Relevant LLC:
>
> > 50% of that belonging to TVXA and 50% to Kuleana Management.
> >
> > 25% of KAEP (under Ho`ola Land & Soil Co) is owned by Plaintiff

$$.50 \times .25 \times 5{,}495{,}203 = \$\ 549{,}523$$

[Id. at pg. 58 (emphasis omitted).]

At most, Plaintiff's calculation of damages appears to rely on his argument that Defendants failed to secure financing for their various business ventures and, if Defendants had secured the necessary financing, he would have received part of the profits from those ventures through his distributional interest in the Relevant LLCs. Plaintiff's claims based on the failure to secure financing, however, are no longer before this Court. See 5/28/14 Order, 2014 WL 2215920, at *7-8 (dismissing with prejudice claims attempting to enforce agreements by the LLCs); id. at *10 (dismissing with prejudice claims alleging that Defendants made fraudulent representations about their ability to secure financing). As to Amended Counts I, VI, VII, and XIV, Plaintiff has merely pled conclusory allegations that Defendants' conduct harmed his distributional interests in the Relevant LLCs. These are not sufficient to survive a motion to dismiss. See Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) ("we are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted))).

This Court finds that the Third Amended Complaint does not plead sufficient factual allegations to allow this Court to draw the reasonable inference that he has standing to pursue the

remaining claims regarding losses suffered by the Relevant LLCs. See id. ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Twombly, 550 U.S. at 570, 556, 127 S. Ct. 1955)). This Court therefore concludes that the Third Amended Complaint does not state a plausible basis for Plaintiff's standing to bring Amended Counts I, VI, VII, and XIV.

This Court previously identified the standing defects in these claims. Plaintiff failed to cure the defects in the Third Amended Complaint, and he has not indicated that he can amend these claims further to cure the defects. This Court therefore finds that further amendment would be futile. This Court GRANTS Defendants' Motion and dismisses Amended Counts I, VI, VII, and XIV WITH PREJUDICE.

## **CONCLUSION**

On the basis of the foregoing, Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint, filed July 15, 2014, is HEREBY GRANTED. There being no remaining claims in this case, the Court DIRECTS the Clerk's Office to enter judgment and close the case on **November 17, 2014**, unless Plaintiff files a timely motion for reconsideration of the instant Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 24, 2014.



　　　　　　　　　　　　　　　　/s/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　United States District Judge

**CHARLES BARKER III VS. JOSHUA L. GOTTLIEB, ET AL; CIVIL 13-00236 LEK-BMK; ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**