IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHARLES BARKER III, | CIVIL 13-00236 LEK-BMK |
| Plaintiff, | |
| vs. | |
| JOSHUA L. GOTTLIEB, JONATHAN DUBOWSKY, DONALD BORNEMAN, CHARLES HALL, SCOTT HARRIS, THE VALUE EXCHANGE ADVISORS, also known as/doing business as TVXA, GEMCO-PACIFIC ENERGY LLC, aka GPE and ROES 1-25, | |
| Defendants. | |

### ORDER DENYING PLAINTIFF'S MOTION TO RECUSE

Before the Court is pro se Plaintiff Charles Barker III's ("Plaintiff") motion seeking the recusal of this Court from the consideration of his pending motion for reconsideration, filed on November 5, 2014.[1] [Dkt. no. 104.] Defendants Joshua L. Gottlieb, Jonathan Dubowsky, Donald Borneman, Charles Hall, Scott Harris, the Value Exchange Advisors, and GEMCo-Pacific Energy LLC (collectively

---

[1] Plaintiff's November 5, 2014 filing was titled "Plaintiff's Motion for Reconsideration of Dismissal of Plaintiff's Third Amended Complaint" **and** "Motion for Appointment of Alternate Judge for Hearing of the Reconsideration Motion." This Court has construed the document as two separate motions - a "Motion for Reconsideration" and the instant "Motion to Recuse." [Entering Order, filed 11/7/14 (dkt. no. 105), at 1.] On November 20, 2014, this Court issued an entering order ("11/20/14 EO") stating that, *inter alia*, it would issue a briefing schedule on Plaintiff's Motion for Reconsideration if it denied the Motion to Recuse. [Dkt. no. 108 at 2.]

"Defendants") filed their memorandum in opposition to the Motion to Recuse on November 26, 2014. [Dkt. no. 110.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion to Recuse, supporting and opposing memoranda, and the relevant legal authority, the motion is HEREBY DENIED for the reasons set forth below.

### BACKGROUND

Plaintiff filed his original, fourteen-count, Complaint on May 15, 2013. On October 16, 2013, this Court issued its Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings ("10/16/13 Order"). [Dkt. nos. 19 (motion), 44 (10/16/13 Order).[2]] The 10/16/13 Order dismissed all of Plaintiff's claims without prejudice. 2013 WL 5675534, at *8.

Plaintiff timely filed his Second Amended Complaint on January 16, 2014.[3] [Dkt. no. 53.] The first eleven counts and the thirteenth through fifteenth counts of the Second Amended

---

[2] The 10/16/13 Order is available at 978 F. Supp. 2d 1168.

[3] For the reasons stated in this Court's December 5, 2013 entering order ("12/5/13 EO"), this Court struck Plaintiff's Amended Complaint, filed on November 13, 2013, and gave him leave to file a second amended complaint. [Dkt. nos. 46 (Amended Complaint), 49 (12/5/13 EO).]

2

Complaint were identical to the counts in the original Complaint. The twelfth count of the Second Amended Complaint was a new claim. On May 28, 2014, this Court issued its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Second Amended Complaint ("5/28/14 Order"). [Dkt. nos. 59 (motion), 88 (5/28/14 Order).[4]] In the 5/28/14 Order, this Court:

-dismissed with prejudice the portion of Count I alleging fraud regarding the future availability of financing, and Counts II, III, IV, V, VIII, IX, X, XI, XII, and XIII; 2014 WL 2215920, at *14; and

-dismissed without prejudice the portion of Count I alleging fraudulent alteration of agreements, Counts VI, VII, XIV, and XV; id.

Plaintiff filed his Third Amended Complaint on June 27, 2014. [Dkt. no. 89.] The first fifteen claims in the Third Amended Complaint ("Amended Count I" through "Amended Count XV") allege the same claims as Counts I through XV of the Second Amended Complaint. Plaintiff also added two new claims - "Evidence Suppression & Obstruction of Justice" ("Amended Count XVI") and a claim alleging perjury ("Amended Count XVII"). On October 24, 2014, this Court filed its Order Granting Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint ("10/24/14 Order"). [Dkt. nos. 94 (motion), 102 (10/24/14 Order).[5]] In the 10/24/14 Order, this Court:

---

[4] The 5/28/14 Order is available at 2014 WL 2215920.

[5] The 10/24/14 Order is available at 2014 WL 5460619.

-dismissed with prejudice the portion of Amended Count I alleging fraud regarding the future availability of financing; and dismissed with prejudice Amended Counts II, III, IV, V, VIII, IX, X, XI, XII, and XIII; because this Court dismissed those claims with prejudice in the 5/28/14 Order; 2014 WL 5460619, at *2;

-dismissed Amended Counts XVI and XVII with prejudice because the 5/28/14 Order expressly stated that Plaintiff did not have leave to add new claims;[6] id.; and

-dismissed the remaining portion of Amended Count I, as well as Amended Counts VI, VII, XIV, and XV, with prejudice because Plaintiff failed to correct the defects that this Court identified in the 5/28/14 Order; id. at *3-5.

On November 5, 2014, Plaintiff filed his Motion for Reconsideration and his Motion to Recuse. In the Motion to Recuse, Plaintiff argues that this Court should recuse itself, and another district judge should rule on the Motion for Reconsideration. This Court has construed Plaintiff's Motion for Recusal as a 28 U.S.C. § 455 motion.[7] [11/20/14 EO at 1.]

**STANDARD**

Section 455 states, in pertinent part:

(a) Any justice, judge, or magistrate judge of the

---

[6] The 10/24/14 Order dismissed Amended Counts XVI and XVII with prejudice in the instant case, but the order stated that it does not preclude Plaintiff from bringing those claims in a separate action. 2014 WL 5460619, at *2.

[7] This Court was initially inclined to construe the Motion to Recuse as a 28 U.S.C. § 144 motion, but the Motion does not include the affidavit that § 144 requires. In light of Plaintiff's pro se status, this Court gave him until November 17, 2014 to file the affidavit. [EO, filed 11/10/14 (dkt. no. 107).] Because Plaintiff failed to file an affidavit by November 17, 2014, this Court construed the Motion to Recuse as a § 455 motion. [11/20/14 EO at 1.]

>United States shall disqualify [her]self in any
>proceeding in which [her] impartiality might
>reasonably be questioned.
>
>>(b) [She] shall also disqualify [her]self in the
>>following circumstances:
>>
>>>(1) Where [she] has a personal bias or
>>>prejudice concerning a party, or personal
>>>knowledge of disputed evidentiary facts
>>>concerning the proceeding[.]

"The goal of section 455(a) is to avoid even the appearance of partiality." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988) (citation and quotation marks omitted). The Ninth Circuit has stated:

>Proof of actual bias is not required under
>§ 455(a). Instead, bias should "be evaluated on
>an **objective** basis, so that what matters is not
>the reality of bias or prejudice but its
>appearance." Liteky v. United States, 510 U.S.
>540, 548, 114 S. Ct. 1147, 127 L. Ed. 2d 474
>(1994). "It is well established that the recusal
>inquiry must be made from the perspective of a
>reasonable observer who is informed of all
>surrounding facts and circumstances." Cheney v.
>U.S. Dist. Ct., 541 U.S. 913, 924, 124 S. Ct.
>1391, 158 L. Ed. 2d 225 (2004) (emphasis and
>internal quotation marks omitted).

In re Marshall, 721 F.3d 1032, 1041 (9th Cir. 2013) (emphasis in Marshall).

## **DISCUSSION**

In the Motion to Recuse, Plaintiff argues that this Court's rulings in this case show that it "has an inalienable predisposition to [its] original position, which . . . constitutes an automatic prejudice." [Motion for Recusal at 21.]

5

Plaintiff complains that this Court: 1) failed to order discovery and a "full hearing" on the substantive issues raised in the Third Amended Complaint; 2) ignored "significant facts," including his argument that Defendants and their counsel committed perjury; and 3) denied him the right to have his case "fully heard in open court before a judge and jury of peers." [Id. at 21-22.] Plaintiff's Motion to Recuse, however, cites prior rulings by this Court as his only evidence of the alleged bias or prejudice against him. The United States Supreme Court has stated that:

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. See United States v. Grinnell Corp., 384 U.S.[ 563,] 583, 86 S. Ct.[ 1698,] 1710[, 16 L. Ed. 2d 778 (1966)]. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source;[8] and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for

---

[8] In Liteky, the United States Supreme Court considered the issue of whether the "extrajudicial source doctrine" applied to § 455 motions. 510 U.S. at 541. The Supreme Court described the doctrine as requiring "that '[t]he alleged bias and prejudice to be disqualifying [under § 144] must stem from an extrajudicial source.'" Id. at 544 (alteration in Liteky) (quoting United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S. Ct. 1698, 1710, 16 L. Ed. 2d 778 (1966)). The Supreme Court ultimately held that the issue of an extrajudicial source is relevant in § 455 motions, but it is more accurately described as a factor - as opposed to a doctrine - because the fact that the source of a judge's opinion is extrajudicial is neither a necessary condition nor a sufficient condition for recusal under § 455(b)(1). Id. at 554-55.

> appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. . . .

Liteky, 510 U.S. at 555.

Plaintiff has not identified anything in this Court's orders which suggests that this Court: relied upon an extrajudicial source in ruling on the issues in this case; or acted upon favoritism toward Defendants or antagonism toward Plaintiff. Further, this Court affirms that: it has not relied upon any extrajudicial source in ruling on Defendants' motions; and it has no sentiment of favoritism toward Defendants or antagonism toward Plaintiff. The opinions that this Court has expressed in its orders in this case are based solely upon its impartial review of the parties' submissions and the applicable legal authority.

For these reasons, this Court finds that a reasonable person, being apprised of all of the facts, would not question this Court's impartiality. Plaintiff has therefore failed to establish that recusal is necessary under § 455(b)(1).

## **CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion to Recuse, filed on November 5, 2014, is HEREBY DENIED.

7

Because this Court has denied Plaintiff's Motion to Recuse, reassignment of Plaintiff's Motion for Reconsideration to another district judge is not necessary.  Defendants' memorandum in opposition to Plaintiff's Motion for Reconsideration is due by **December 19, 2014**.  Plaintiff's optional reply in support of the Motion for Reconsideration is due by **December 31, 2014**.  This Court will take Plaintiff's Motion for Reconsideration under advisement thereafter.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 10, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHARLES BARKER, III VS. JOSHUA L. GOTTLIEB, ET AL; CIVIL 13-00236 LEK-BMK; ORDER DENYING PLAINTIFF'S MOTION TO RECUSE**