IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| CHARLES BARKER III, | ) | CIVIL 13-00236 LEK-BMK |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| JOSHUA L. GOTTLIEB, JONATHAN DUBOWSKY, DONALD BORNEMAN, CHARLES HALL, SCOTT HARRIS, THE VALUE EXCHANGE ADVISORS, also known as/doing business as TVXA, GEMCO-PACIFIC ENERGY LLC, aka GPE and ROES 1-25, | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISMISSAL OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

Before the Court is pro se Plaintiff Charles Barker III's ("Plaintiff") Motion for Reconsideration of Dismissal of Plaintiff's Third Amended Complaint ("Motion for Reconsideration"), filed on November 5, 2014.[1] [Dkt. no. 104.] Defendants Joshua L. Gottlieb, Jonathan Dubowsky, Donald Borneman, Charles Hall, Scott Harris, the Value Exchange

---

[1] Plaintiff's filing also included a motion seeking the recusal of this Court from the consideration of the Motion for Reconsideration ("Motion to Recuse"). This Court bifurcated the Motion to Recuse and the Motion for Reconsideration, [Entering Order, filed 11/7/14 (dkt. no 105),] and construed the Motion to Recuse as a motion pursuant to 28 U.S.C. § 455 [Entering Order, filed 11/20/14 (dkt. no. 108) at 1]. On December 10, 2014, this Court issued an order denying Plaintiff's Motion to Recuse ("Recusal Order"). [Dkt. no. 111.] The Recusal Order is available at 2014 WL 6984219.

Advisors, and GEMCo-Pacific Energy LLC (collectively "Defendants") filed their memorandum in opposition on December 19, 2014. [Dkt. no. 112.] The Court has considered the instant Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the motion, opposing memorandum, and relevant legal authority, Plaintiff's Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case, and this Order will only discuss the events that are relevant to the Motion for Reconsideration.

On June 27, 2014, Plaintiff filed his Third Amended Complaint. [Dkt. no. 89.] On July 15, 2014, Defendants filed their Motion to Dismiss Plaintiff's Third Amended Complaint ("Motion to Dismiss"). [Dkt. no. 94.] On October 24, 2014, this Court issued its order granting the Motion to Dismiss ("10/24/14 Dismissal Order") and dismissing all of Plaintiff's claims with prejudice. [Dkt. no. 102.[2]]

---

[2] The 10/24/14 Dismissal Order is also available at 2014 WL 5460619.

2

In the instant motion, Plaintiff seeks reconsideration of the 10/24/14 Dismissal Order.  Plaintiff argues that: dismissal of his Third Amended Complaint violated his constitutional right to a trial; Defendants refused to produce discovery relevant to Plaintiff's claims; Defendants and/or their counsel committed perjury in order to avoid disclosing discovery; and each of his claims is valid.

**STANDARD**

This Court has described the standard applicable to a motion for reconsideration as follows:

> A motion for reconsideration must (1) "demonstrate reasons why the court should reconsider its prior decision" and (2) "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Hele Ku KB, LLC v. BAC Home Loans Servicing, LP, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012).  The Ninth Circuit has held that reconsideration is appropriate if (1) the district court is presented with "newly discovered evidence," (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "if there is an intervening change in controlling law." Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2004).

Terry v. Hawaii Air Nat'l Guard, Civil No. 13-00295 LEK-RLP, 2014 WL 5089179, at *1 (D. Hawai`i Oct. 8, 2014) (citation omitted).

**DISCUSSION**

I.  **Right to Trial**

Plaintiff argues that the dismissal of his case violated his right to a trial, and he argues that:

> Motions to dismiss, for summary judgment and on the pleadings are not "efficient" disposals of civil cases; in fact, they may actually consume more of the Court's time and attention than merely ordering that discovery be conducted and completed prior to the hearing in court, all relevant evidence be then prepared for presentation, and a real hearing with live testimony from witnesses conducted on the essential matters of the case, not procedural maneuvering and motions all designed to avoid the hearing of the case on its actual merits.

[Motion for Reconsideration at 6.] Plaintiff cites to no case law holding that: 1) every plaintiff in every case is entitled to have a trial on the merits of his claims; or 2) resolving claims through motions practice violates the United States Constitution. This Court is not aware of any case supporting his positions. Further, the Federal Rules of Civil Procedure expressly allow parties to file, and courts to consider, motions to dismiss, motions for judgment on the pleadings, and motions for summary judgment. See Fed. R. Civ. P. 12, 56.

This Court therefore DENIES Plaintiff's Motion for Reconsideration as to his argument that the dismissal of his case violated his right to a trial.

## II. Discovery

Plaintiff essentially argues that this Court should not have dismissed his case without allowing him to conduct discovery relevant to his claims. He also argues that Defendants and/or their counsel committed perjury to avoid producing discovery in this case.

The parties have addressed Defendants' alleged failure to produce discovery and Plaintiff's allegation of perjury in previous motions filed in this case. See Pltf.'s Motion for Perjury Sanctions Against Defs. & Attorneys for Defs. ("Perjury Motion"), filed 2/26/14 (dkt. no. 71); Pltf.'s Motion to Compel Production of Documents & to Answer Interrogatories ("Motion to Compel"), filed 3/6/14 (dkt. no. 73); Defs.' Counter Motion for Protective Order Staying Discovery ("Motion for Protective Order"), filed 3/21/14 (dkt. no. 76). Defendants' Motion for Protective Order sought a protective order staying further discovery until this Court ruled on their January 23, 2014 motion to dismiss Plaintiff's Second Amended Complaint, which Plaintiff filed on January 6, 2014.[3] [Dkt. nos. 53, 59.]

On April 16, 2014, the magistrate judge issued his findings and recommendation to deny Plaintiff's Perjury Motion

---

[3] On May 28, 2014, this Court issued an order granting in part and denying in part Defendants' motion to dismiss the Second Amended Complaint and giving Plaintiff leave to file a Third Amended Complaint. [Dkt. no. 88.]

and Plaintiff's Motion to Compel, and to grant Defendants' Motion for Protective Order ("4/16/14 F&R"). [Dkt. no. 83.] This Court issued an order adopting the 4/16/14 F&R on May 27, 2014 ("5/27/14 Order"). [Dkt. no. 87.] Thus, since the time of that order, discovery has been stayed.

This Court notes that Plaintiff neither objected to the 4/16/14 F&R nor moved for reconsideration of the 5/27/14 Order. To the extent that Plaintiff now argues that he should have been able to conduct discovery and that this Court should have acted upon the alleged perjury, his current Motion for Reconsideration contends that the 5/27/14 Order is based on a manifest error of law or fact. This Court therefore need not consider Plaintiff's request for reconsideration of the 5/27/14 Order because it is untimely. See Local Rule LR60.1 (stating that motions for reconsideration based on a manifest error of law or fact "must be filed and served not more than fourteen (14) days after the court's written order is filed"). Further, even if it did consider Plaintiff's current request to reconsider the 5/27/14 Order, this Court would still reject the arguments in Plaintiff's Perjury Motion and Motion to Compel, and this Court would still conclude that Defendants were entitled to a protective order staying all discovery unless and until Plaintiff's claims survived the motion to dismiss stage.

This Court therefore DENIES Plaintiff's Motion for Reconsideration as to his argument that this Court should not have dismissed his case before allowing him to conduct discovery, and as to his allegation that Defendants and/or their counsel committed perjury in order to avoid responding to discovery.[4]

III. **<u>Validity of Plaintiff's Claims</u>**

The final argument in Plaintiff's Motion for Reconsideration is that this Court should not have granted Defendants' Motion to Dismiss because all of Plaintiff's claims were valid. All of Plaintiff's points related to this argument are points that he raised, or could have raised, in his original response to the Motion to Dismiss. <u>See</u> Motion for Reconsideration at 9 (listing, in the section titled "RESPONSE TO DEFENDANTS MOTION TO DISMISS," arguments "presented in the order and in concert with the headings and paragraph numbering as they appear in the Defendants [sic] Motion to Dismiss").

This Court will not grant reconsideration based on evidence or legal arguments that the party seeking

---

[4] This Court also notes that Count XVII of Plaintiff's Third Amended Complaint alleged a substantive claim for perjury. [Third Amended Complaint at ¶¶ 141-46.] The 10/24/14 Dismissal Order dismissed that claim with prejudice because Plaintiff did not have leave to add new claims in the Third Amended Complaint. 2014 WL 5460619, at *2. The order, however, also stated: "Although the dismissal is without leave to amend in the instant case, this Order is not a ruling on the merits of those claims and does not preclude Plaintiff from bringing Amended Counts XVI and XVII in a separate action." <u>Id.</u>

reconsideration could have raised in connection with the original motion. Hawaii Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Hawai`i 2005) (some citations omitted) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)). Further, Plaintiff's argument that all of his claims are valid merely expresses his disagreement with this Court's rulings. "Mere disagreement with a previous order is an insufficient basis for reconsideration." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citation omitted).

This Court therefore DENIES Plaintiff's Motion for Reconsideration as to his argument regarding the validity of his claims.

## IV. Summary

Plaintiff has not presented either newly discovered evidence or an intervening change in the law since the 10/24/14 Dismissal Order. Further, he has failed to establish either that this Court committed clear error in the 10/24/14 Dismissal Order or that the order was manifestly unjust. This Court therefore CONCLUDES that Plaintiff has not established any ground that warrants reconsideration of the 10/24/14 Dismissal Order.

### CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Reconsideration of Dismissal of Plaintiff's Third Amended Complaint, filed November 5, 2014, is HEREBY DENIED.

There being no remaining claims or pending motions in this case, this Court DIRECTS the Clerk's Office to enter final judgment in favor of Defendants pursuant to the Order Granting Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint, [filed 10/24/14 (dkt. no. 102),] and to close this case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 13, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHARLES BARKER, III VS. JOSHUA L. GOTTLIEB, ET AL; CIVIL 13-00236 LEK-BMK; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISMISSAL OF PLAINTIFF'S THIRD AMENDED COMPLAINT**