```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

CHARLES BARKER III,              )   CIVIL 13-00236 LEK-BMK
                                 )
          Plaintiff,             )
                                 )
     vs.                         )
                                 )
JOSHUA L. GOTTLIEB, JONATHAN     )
DUBOWSKY, DONALD BORNEMAN,       )
CHARLES HALL, SCOTT HARRIS,      )
THE VALUE EXCHANGE ADVISORS,     )
also known as/doing business     )
as TVXA, GEMCO-PACIFIC ENERGY    )
LLC, aka GPE and ROES 1-25,      )
                                 )
          Defendants.            )
_____  )
```

**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION OF DISMISSAL OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

Before the Court is pro se Plaintiff Charles Barker III's ("Plaintiff") Second Motion for Reconsideration of Dismissal of Plaintiff's Third Amended Complaint ("Motion"), filed on February 6, 2015.  [Dkt. no. 115.] On February 26, 2015, Plaintiff also filed exhibits in support of his Motion.  [Dkt. no. 121.]  The Court has considered the instant Motion as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion and the relevant legal authority, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

The parties and the Court are familiar with the factual and procedural background of this case, and this Order will only discuss the events that are relevant to the instant Motion.

On October 24, 2014, this Court issued its Order Granting Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint ("10/24/14 Dismissal Order"),[1] which dismissed all of Plaintiff's claims with prejudice. [Dkt. no. 102.[2]] On January 14, 2015, this Court issued its Order Denying Plaintiff's Motion for Reconsideration of Dismissal of Plaintiff's Third Amended Complaint ("1/14/15 Reconsideration Order"). [Dkt. no. 113.[3]] Judgment was also entered on January 14, 2015. [Dkt. no. 114.]

In the instant Motion, Plaintiff asks this Court to reconsider the dismissal of his Third Amended Complaint in light of the following events that occurred during the period between the filing of the 10/24/14 Dismissal Order and the 1/14/15 Reconsideration Order:

---

[1] The defendants in this action are: Joshua L. Gottlieb, Jonathan Dubowsky, Donald Borneman, Charles Hall, Scott Harris, the Value Exchange Advisors, and GEMCo-Pacific Energy LLC (collectively "Defendants").

[2] The 10/24/14 Dismissal Order is also available at 2014 WL 5460619.

[3] The 1/14/15 Reconsideration Order is also available at 2015 WL 181776.

> 1. The Defendants have closed the purchase of the real property known as "Haina Mill" [("the Haina Mill Property")], . . . on December 19, 2014, for which property purchase transaction [Plaintiff] was irrefutably the procuring cause, and which property is one of the two major components of the subject litigation.
>
> 2. The Defendants formed a company called "Ohanasphere Enterprises LLC" [("Ohanasphere")] on November 14, 2014, and a videotape . . . of a community meeting conducted by defendant Jonathan Dubowsky in January 2015 has revealed that Ohanasphere is a direct outgrowth and inextricably related to the former business Kama`aina Earth Products LLC, and that this business is tied both to the Haina Mill real property and the topsoil resource located on the 20 ace [sic] parcel (one of six), for which [Plaintiff] was irrefutably the procuring cause to all Defendants.
>
> 3. Concealment by the Defendants and their attorneys of these material facts, evidence and events, which are undeniably relevant and critical to the decision that was under active consideration by this Court during November 2014, December 2014 and January 2015.

[Motion at 2.]

## **STANDARD**

This Court could construe Plaintiff's Motion as seeking relief pursuant to either Fed. R. Civ. P. 59(e) or 60(b)(2). Rule 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Rule 60(b) states, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .

> (2) newly discovered evidence that, with
> reasonable diligence, could not have been
> discovered in time to move for a new trial
> under Rule 59(b)[.]

A motion brought pursuant to Rule 60(b)(2) must be filed "within a reasonable time – and . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). This district court has stated:

> A motion for reconsideration filed within twenty-eight days of entry of judgment is considered under Federal Rule of Civil Procedure 59(e); a later-filed motion is considered under Rule 60(b). United States v. Comprehensive Drug Testing, Inc., 513 F.3d 1085, 1098 (9th Cir. 2008) (quoting Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001)). . . .
>
> Rule 59(e) authorizes a court to alter or amend judgment. "A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003). The Ninth Circuit set forth the following grounds justifying reconsideration under Rule 59(e):
>
> > (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice: or (4) if the amendment is justified by an intervening change in controlling law.
>
> Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). ["]There may also be other, highly unusual, circumstances warranting reconsideration." Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted); see also Turner,

    338 F.3d at 1063; <u>Circuit City Stores, Inc. v. Mantor</u>, 417 F.3d 1060, 1063-64 n.1 (9th Cir. 2005); <u>In re Syncor ERISA Litig.</u>, 516 F.3d 1095, 1100 (9th Cir. 2008).

<u>Corless v. Zuffa, LLC</u>, Civil No. 12-00689 JMS-RLP, 2013 WL 1856306, at *1 (D. Hawai`i May 1, 2013) (footnote omitted).

  In the instant case, Plaintiff filed the instant Motion on February 6, 2015, which was within twenty-eight days of the entry of the Judgment on January 14, 2015. This Court therefore analyzes Plaintiff's Motion pursuant to Rule 59(e), although this Court notes that its analysis and ruling would be the same even if it analyzed the Motion pursuant to Rule 60(b)(2). See <u>Corless</u>, 2013 WL 1856306, at *1 & n.1 (construing the plaintiff's motion, brought pursuant to Rule 60(b)(2), as a Rule 59(e) motion and noting that, under either rule, "the court's analysis and ruling would be the same").

## **DISCUSSION**

  Plaintiff's Motion contends that he is entitled to relief from the Judgment because: 1) Defendants finally completed the purchase of the Haina Mill Property, and they could not have done so without his efforts; and 2) Plaintiff had an ownership interest in Kama`aina Earth Products LLC, an entity involved in a topsoil resource project on the Haina Mill Property ("KAEP Topsoil Project"), and Defendants created Ohanasphere to pursue the project without Plaintiff. Plaintiff essentially contends that, in light of these events, he is entitled to pursue his

5

claims seeking recovery for his share of any profits generated from the purchase of the Haina Mill Property and the KAEP Topsoil Project.

This Court has previously rejected Plaintiff's arguments that he is entitled to recover damages based on the work that he did in connection with the projects at issue in this case. Regarding Plaintiff's original Complaint, filed May 15, 2013, this Court stated:

> even viewing the allegations in the Complaint in the light most favorable to Plaintiff, all of the state law claims appear to be based upon activities that Plaintiff was involved in on behalf of the LLCs. Neither the allegations in the Complaint nor the exhibits attached thereto indicate that Plaintiff was acting on his own behalf in the events at issue in this case. Thus, the injuries which allegedly resulted from Defendants' actions or inactions were injuries to the LLCs, not to Plaintiff individually. This Court therefore concludes that the state law claims in the Complaint fail to state plausible claims for relief because: 1) to the extent that Plaintiff is trying to prosecute claims which belong to the LLCs, Plaintiff lacks standing to do so; and 2) to the extent that Plaintiff is trying to prosecute claims which belong to him individually, the claims are not sufficiently pled.

[Order Granting in Part and Denying in Part Defs.' Motion for Judgment on the Pleadings, filed 10/16/13 (dkt. no. 44) ("10/16/13 Pleadings Order"), at 16-17 (footnote omitted).[4]] In the 10/16/13 Pleadings Order, "the LLCs" referred to Cogentech-

---

[4] The 10/16/13 Pleadings Order is also available at 978 F. Supp. 2d 1168.

Pacific, LLC ("CPL") and Haleakala Holdings LLC ("HCL"), entities in which Plaintiff was a principal. 978 F. Supp. 2d at 1175.

Plaintiff failed to cure these standing defects in his Second Amended Complaint,[5] but this Court granted Plaintiff leave to amend because: "he may be able to allege a plausible basis for standing because he has a distributional interest in the assets of [the] LLCs. Plaintiff, however, must allege how Defendants' allegedly wrongful acts resulted in the decrease in Plaintiff's distributional share of the LLCs' assets." [Order Granting in Part and Denying in Part Defs.' Motion to Dismiss Second Amended Complaint, filed 5/28/14 (dkt. no. 88) ("5/28/14 Dismissal Order"), at 21-22 (footnote and citation omitted).[6]] The 5/28/14 Dismissal Order also dismissed with prejudice Plaintiff's claims that Defendants stole the intellectual property and work product that he created regarding the projects at issue in this case. This Court pointed out that Plaintiff did not allege that Defendants agreed to compensate him individually for his work on the projects, and this Court concluded that Hawai`i law does not recognize a conversion claim based on the taking of intellectual

---

[5] Plaintiff filed his Amended Complaint on November 13, 2013. [Dkt. no. 46.] The Court granted Plaintiff leave to file the Second Amended Complaint after it denied his request to take judicial notice of the exhibits he submitted previously in this action and to treat them as the exhibits to his Amended Complaint. [Dkt. no. 49.]

[6] The 5/28/14 Dismissal Order is also available at 23 F. Supp. 3d 1152.

property or work product.  5/28/14 Dismissal Order, 23 F. Supp. 3d at 1167-69.

Although Plaintiff attempted to cure the defects in his standing allegations by including allegations in the Third Amended Complaint regarding his distributional interests in the LLCs, this Court ruled that the Third Amended Complaint did not identify how Defendants' wrongful conduct in the remaining claims resulted in the alleged decrease of Plaintiff's distributional interest in the Relevant LLCs.[7]  Plaintiff merely pled conclusory allegations that Defendants' conduct harmed his distributional interests in the Relevant LLCs.  This Court therefore dismissed Plaintiff's claims regarding losses suffered by the Relevant LLCs with prejudice.  10/24/14 Dismissal Order, 2014 WL 5460619, at *3-5.

In light of the foregoing analysis, the new evidence presented in the Motion - the completion of the purchase of the Haina Mill Property and the formation of Ohanasphere to continue the work of KAEP - does not alter this Court's rulings regarding Plaintiff's claims based on losses suffered by the Relevant LLCs and his claims alleging theft of his intellectual property and work product.  Further, because those events have no effect on

---

[7] Plaintiff refers to the following entities as "the Relevant LLCs": CPL; Honoka`a Energy LLC; KAEP; Kuleana Management LLC; Kuleana Energy; Mama Makoaleo Power LLC; Mana Makoaleo Bioenergy LLC; Moku Nui BioEnergy LLC; and Moku Nui Power Co. LLC.  [Third Amended Complaint at pgs. 6-7.]

this Court's rulings, it is irrelevant that Defendants and their counsel allegedly concealed these events from Plaintiff.  This Court therefore CONCLUDES that Plaintiff has failed to identify any ground which warrants reconsideration of this Court's rulings pursuant to Rule 59(e).

**CONCLUSION**

On the basis of the foregoing, Plaintiff's Second Motion for Reconsideration of Dismissal of Plaintiff's Third Amended Complaint, filed February 6, 2015, which this Court has construed as a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 27, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge


**CHARLES BARKER, III VS. JOSEPH L. GOTTLIEB, ET AL; CIVIL 13-00236 LEK-BMK; ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION OF DISMISSAL OF PLAINTIFF'S THIRD AMENDED COMPLAINT**